Edward J. Maney
Chapter 13 Trustee
101 N. First Ave., Suite 1775
Phoenix, Arizona 85003
Telephone (602) 277-3776
ejm@maney13trustee.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

In re:                                        ) CHAPTER 13 PROCEEDINGS
                                              )
                                              ) CASE NO. # 2: 20-02088-EPB
   SUSAN SIMPSON,                             )
                                              ) TRUSTEE'S EVALUATION AND
                                              ) RECOMMENDATION(S) REPORT WITH
                                              ) NOTICE OF POTENTIAL DISMISSAL IF
                                              ) CONDITIONS ARE NOT SATISFIED
                                              ) RE: 3rd AMENDED CHAPTER 13 PLAN
_____(Debtor(s)_____)         *Docket #91    filed October 13, 2020*

Edward J. Maney, Trustee, has analyzed the 3rd Amended Chapter 13 Plan and supporting documents and submits the following evaluation and recommendation(s):

**General requirements:**

a. Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee. *Please submit a copy of the Court's Claims Register with any submission of the Order Confirming.*

b. Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

c. The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

d. The Debtors are required to provide directly to the Trustee, *within 30 days after their filing*, copies of their federal and state income tax returns for every year during the duration of the Chapter 13 Plan. This requirement is to be included in any Order Confirming.

e. The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

    f.    The Trustee requires that any proposed Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Case can be discharged. This requirement is effective regardless of Plan payments suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders."

    g.    At the time of confirmation, the Trustee will require the Debtors to certify that they are current on all required tax filings and any domestic support orders.

    h.    At the time of confirmation, the debtor(s) are required to certify, via language in the Order Confirming, that they are current on all payments that have come due on any Domestic Support Orders since the filing of their case <u>and</u> that they are current on all required tax return filings [pursuant to 11 U.S.C. §1308].

    i.    DEBTORS COUNSEL REMINDER - A letter is to be submitted to the Trustee, accompanying any Order Confirming, addressing all issues as they are listed in the Trustee's Recommendation.  <u>In addition, **all** documents (ex: tax returns, paystubs etc.) submitted to the Trustee must be redacted by debtors and/ or their counsel.</u>

**Specific Recommendations:**

1. The Trustee requires that the debtor(s) provide a statement for any <u>bank account</u> that was open as of date of filing of the debtor(s) case that specifically lists the balance on that date.

2. The Trustee requires the debtor provide justification for the debtor's' request for a 2-month waiver of plan payments and documentation of any unexpected expenses for that the debtors may point to as responsible for their inability to pay.

3. New Horizons Roth 401k Profit Sharing Plan/Brad Gilbertson (mortgage) has filed an objection to the 3rd Amended Plan. The Trustee requires the objection to be resolved prior to confirmation of the 3rd Amended Plan.

4. The proof of claim filed by Brad Gilbertson/New Horizons 401k Profit Sharing Plan (mortgage arrears – amended claim #5, filed September 14, 2020) differs by classification or amount from this creditor's treatment under the 3rd Amended Plan. To resolve this discrepancy, the Trustee requires either; a) Debtor object to the proof of claim; b) the creditor sign-off on an Order Confirming; c) authorize the Trustee to alter the Order Confirming to pay the creditor pursuant to the amended proof of claim; or d) Debtor file another Amended Plan to provide for the creditor's claim as shown by the Proof of Claim.

5. Considering items #3, #5 and #7 above, The Trustee's analysis reveals a $159,847 funding shortfall including Chapter 7 Reconciliation, which must be cured before the Plan can be confirmed.

6. The Arizona Department of Revenue's proof of claim dated March 13, 2020 indicates the Debtor has not filed income tax returns for 2010, 2011, 2012 and 2013. The Trustee requires Debtor to immediately prepare and file all unfiled tax returns. **Failure to file said returns or the required Affidavit within 30 days from the date of this Trustee's Recommendation and providing a stamped copy of said returns may result in the Trustee lodging an Order automatically dismissing Debtor's case.**

In summary, the Amended Plan can be confirmed subject to the condition(s) noted above, adequate funding, and timely filed Stipulated Order Confirming, and Court approval. ***The Trustee requires that any Stipulated Order Confirming contain the "wet" signatures from the debtors (where applicable), debtors counsel and objecting creditors if there are any.*** General unsecured creditors (including secured creditors with unsecured deficiency balances) will be paid through the Trustee, approximately $13,688 or an estimated 68% of general unsecured claims, subject to timely filed and allowed claims. Chapter 7 reconciliation requirement must be met given debtors' scheduled equity in non-exempt property at petition date. **You are hereby advised that the Trustee may lodge an Order of Dismissal should Debtor fail to resolve item(s) #1, #2, #5, #6 above and submit a Stipulated Order Confirming to the Trustee for review and signature or request a hearing within 30 days from the date of the mailing of this Trustee's Recommendation.**

Date See Electronic Signature Block

             EDWARD J. MANEY,
             CHAPTER 13 TRUSTEE

           By: _____
             Edward J. Maney ABN 12256
             CHAPTER 13 TRUSTEE
             101 North First Ave., Suite 1775
             Phoenix, Arizona 85003
             (602) 277-3776
             ejm@maney13trustee.com

Copies of the forgoing
mailed on [see electronic signature],
to the following:

Susan Simpson
5320 E. Thunder Hawk Rd.
Cave Creek, Arizona 85331
Debtor

Gary R. Stickell, Esq.
301 E. Bethany Home Rd.
Suite #B100
Phoenix, Arizona 85012
Debtor's counsel

By:_____
     Trustee's Clerk