# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

# Minute Entry

### Hearing Information:

| | |
|---|---|
| **Debtor:** | SUSAN SIMPSON |
| **Case Number:** | 2:20-BK-02088-EPB   **Chapter:** 13 |
| **Date / Time / Room:** | TUESDAY, DECEMBER 15, 2020 10:00 AM   TELEPHONIC HRGS |
| **Bankruptcy Judge:** | EDDWARD P. BALLINGER JR. |
| **Courtroom Clerk:** | ANNETTE FRANCHELLO |
| **Reporter / ECR:** | KAYLA COLASONT |

### Matter:

CONTINUED HEARING ON DEBTOR'S RESPONSE TO TRUSTEE'S MOTION TO DISMISS

**R / M #:** 92 / 0

### Appearances:

ROSS MUMME, ATTORNEY FOR EDWARD J. MANEY, TRUSTEE
GARY R. STICKELL, ATTORNEY FOR SUSAN SIMPSON
DEAN WILLIAM O'CONNOR, ATTORNEY FOR NEW HORIZONS 401K PROFIT SHARING PLAN

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)...  2:20-BK-02088-EPB  TUESDAY, DECEMBER 15, 2020 10:00 AM

## *Proceedings:*

Mr. Stickell informs the Court that the Trustee will be withdrawing their motion to dismiss and proceed with a stipulated order of confirmation. As to Debtor's motion to waive conduit payments of New Horizons, he has circulated a stipulation.

Mr. O'Connor is not in agreement with Mr. Stickell. He argues that the Debtor has not provided him with proof of payments showing that Chase is current. He believes there needs to be conduit payments or some way to know that Chase is being paid. He states that the Debtor agreed to pay Chase through his client's servicing agent which is an enforceable contract.

Mr. Stickell states that he just received the document today stating that the Debtor pay through New Horizons' servicer. He has not had a chance to review it. He will have the Debtor provide proof of payment every month to New Horizons. He notes that under the new plan, the Debtor is current. He is not certain whether or not Debtor made the December payment to Chase. He has an email from Tiffany and Bosco showing they view the next payment due in January.

Mr. O'Connor provides a review of the payment history.

Mr. Mumme explains that since New Horizons made a payment to Chase to bring the account current post petition and cure the prepetition arrears and Chase having amended their proof of claim, the Trustee was not requiring conduit payments to Chase. The Trustee does not oppose conduit payments, but it is not something the Trustee would insist upon. He states that four conduit payments would be made by the Trustee to Chase for May - August with the Debtor making direct payments starting in September. He then answers the Court's questions. He states that all parties agree there is a limited waiver of conduit payments of no more than three months and moving forward all other conduit payments will be made to New Horizons.

Mr. O'Connor states that there is no record of the December payment being made. He again asks for evidence of payments.

Mr. Stickell has no issue with his client sending proof of payment to a representative of New Horizons each time a payment to Chase is made.

**COURT:** The Court notes that the Debtor will send Mr. O'Connor proof of payment the day the payment is made in accordance with the plan and agreement with Chase.

Mr. Stickell will get confirmation that the December payment to Chase has been made by close of business on Wednesday, December 16, 2020.

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)...　2:20-BK-02088-EPB　　　TUESDAY, DECEMBER 15, 2020 10:00 AM

Mr. Mumme confirms to the Court that the Trustee is withdrawing their motion to dismiss noting that the Debtor is current on plan payments.

The Court notes that the issues are resolved.