SO ORDERED.

Dated: March 17, 2021

Eddward P. Ballinger Jr., Bankruptcy Judge
_____

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

In re:

Susan Simpson

Debtor.

Chapter 13

Case No.: 2:20-bk-02088-EPB

**ORDER SETTING VIDEO HEARING AND ESTABLISHING PROCEDURES**

Date: March 31, 2021
Time: 10:00 a.m.
Location: Zoom for Government Videoconference.[1]

**IT IS HEREBY ORDERED** setting this matter for hearing on March 31, 2021, at 10:00 a.m.

The hearing will be held remotely by videoconference using the Zoom for Government videoconferencing platform. No participants will be physically present in the courtroom.

Unless ordered by the Court, the provisions of this Order will govern the course of proceedings:

---

[1] The Court holds the necessary Zoom for Government licenses. Lawyers and witnesses do not need to purchase Zoom software or a license to participate in a trial or hearing. There is no fee to participate, but regular telephone toll charges apply if the audio portion is accessed by phone.

**1. Participation by Video.**

Attorneys, parties, and witnesses must appear at the hearing via Zoom for Government videoconference. Other interested parties may participate by telephone. For a successful experience, each participant should be familiar with and follow the guidance found at the U.S. Bankruptcy Court's *Videoconference Hearing Guidelines* found at:

http://azb.uscourts.gov/sites/default/files/videoconferenceguidelines.pdf.

    **a. Connecting to Zoom**. The following is the link or URL (Internet address) that will allow participation in the hearing:

https://www.zoomgov.com/j/1609974784?pwd=ZEwxSzJQTzlMTDRid3VJd0Z6b2VTZz09

Meeting ID: 160 997 4784

Password: 699155

Each participant must click on the link (or paste the URL into the computer's browser and hit "Enter") and then follow the instructions.

    **b. Connecting by telephone.** To participate by telephone without video, any interested party may call 877-810-9415, access code 1064631.

    **c. Required Equipment**. Zoom permits access to the video portion via computer and access to the audio portion via either computer or telephone.

        **i. Video**. To use the video portion of Zoom, each participant must have a computer equipped with (a) a camera capable of sending and receiving video using Zoom; (b) Internet browsing software that will accommodate Zoom; (c) a stable Internet connection and bandwidth sufficient to support Zoom; and (d) Adobe Acrobat Reader for the purpose of reviewing exhibits.

ii. **Audio.** To use the audio portion of Zoom, each participant must have either (a) a computer equipped with a microphone and speakers or (b) a telephone. **If the telephone is a cellular phone, it is the participant's responsibility to ensure there is adequate service providing a consistently clear audio signal.**

**2. Etiquette.**

a. The parties and their counsel are responsible for ensuring that they and their witnesses have successfully configured their software connections in advance of the hearing. In the event of any difficulties, they shall contact the Courtroom Deputy, whose contact information is provided below, well in advance of the hearing date.

b. Every person appearing at the hearing must ensure access to a quiet, separate, and secure room during the hearing that is free from audio and visual distractions.

c. Do not communicate via a speakerphone.

d. While testifying, witnesses may not participate in or be subject to any direct or indirect communication with anyone other than with the examiner and/or the Court and shall not read from documents that have not been admitted into evidence (other than to address foundational questions).

e. Parties and their counsel may devise a means for communicating privately with each other, other than during the client's examination.

f. Counsel, parties, and witnesses shall mute their microphones when not speaking during the hearing.

g. If a break is necessary, request a recess. Do not simply turn off your camera and leave the hearing.

h. Dress must be appropriate for a court proceeding.

i. Look into the camera when you are speaking.

j. Each participant shall ensure their proper legal name is shown on the ID screen while in Zoom.

k. Everyone needs to be cognizant of lighting. Avoid shadows, sitting in front of a window or having any light source visible on your screen. The best background is a solid background or wall. Use of an *appropriate* virtual background is acceptable for those not appearing from a business setting.

l. Be respectful and minimize interruptions unless attempting to object.

**3. Procedures with respect to evidentiary hearings.**

**a. Witness Testimony; Direct by Declaration**. The direct testimony of all witnesses may be presented by written declaration, and this practice is encouraged by the Court. Each declarant must be available at the hearing for cross examination. All declarations must be exchanged and filed no later than **March 26, 2021**. All testifying witnesses will be placed under oath, and their testimony will have the same effect as if they were in open court. Each witness must testify from a quiet room. Witnesses must situate themselves so that other participants can see them, and the witnesses can see the video. No one shall be in the same room with a witness while he or she is testifying. The witness shall not have any documents or materials in the room except exhibits the parties have submitted as exhibits. The witness may not communicate in any fashion with anyone other than the questioning attorney and the judge.

**b. Procedures for Testimony by Declaration**. The following procedures will govern submission of testimony by declaration:

i. All declarations will be made under penalty of perjury and will be subject to the Federal Rules of Evidence.

ii. When a witness' direct testimony is submitted by declaration, the only oral testimony the witness may give will be cross-examination and rebuttal testimony.

iii. If a part of a witness' declaration concerns an exhibit to be admitted into evidence at trial, the exhibit must be attached to the declaration.

iv. If a party intends to present the witness' testimony by a transcript of a deposition, a detailed summary of the testimony must be submitted with the transcript.

**v.** All evidentiary objections to a declaration must be filed three (3) days before trial. The Court will rule on objections to the declarations at the time of trial.

**c. Subpoenas to Third-Party Witnesses.** Each subpoena to a third-party witness must state the following in the box for the "Place" to appear: "The trial will be conducted remotely by videoconference in accordance with the attached Pretrial Order." A copy of this Pretrial Order must be attached to the subpoena and served on the witness.

**d. Exhibits**.

**i. Exhibit Lists**. A list of all exhibits and a certification by each party that all listed exhibits have been exchanged or made available to all parties for inspection and copying shall be included in the joint pretrial statement, as directed by Local Rule 7016.

**ii. Prior submission of Exhibits**. Unless otherwise ordered, at least three business days before any evidentiary hearing, the parties must email a .pdf (Adobe Acrobat) file with all exhibits to Annette_Franchello@azb.uscourts.gov. Parties are also required, pursuant to Local Rule 7016-1(a)(11)(II), to file with the Clerk's office two (2) thumb drives/flash drives that contain all exhibits in .pdf format. The thumb drives/flash drives should be mailed to the Clerk's Office for filing. Counsel are encouraged to combine all exhibits on the same thumb drive and to coordinate so that exhibits are not duplicative.

The Courtroom Deputy will not mark electronic exhibits. Instead, counsel and/or the parties are to work together to properly mark the exhibits. Each exhibit must be clearly and sequentially identified, as required by Local Rule 7016-1(a)(11)(I), and placed in the order of their probable presentation at trial. The attorneys are responsible for ensuring that the .pdf file can be opened successfully.

Counsel and/or parties are to contact the Courtroom Deputy, Ms. Annette Franchello, with any questions at 602-682-4188 or Annette_Franchello@azb.uscourts.gov.

Those electronic exhibits in the custody of the Clerk and maintained as the official court record will be the exhibits that are presented to the appellate court in the case, unless otherwise ordered. The Clerk of Court shall maintain control of the electronic exhibits in a case until the matter is finally concluded, or the time for appeal has run, unless otherwise ordered to be released by the

Court. The exhibits shall be stored in the same electronic format that the electronic exhibits were provided.

  **e. Witnesses:** Before each evidentiary hearing, counsel must separately provide to the Courtroom Deputy, Ms. Annette Franchello at Annette_Franchello@azb.uscourts.gov, the name, email address, and telephone number of each witness from whom they intend to elicit testimony.

  **4. <u>IMPORTANT</u>: Courtroom Formalities**: Though held remotely by videoconference, the hearing constitutes a judicial proceeding. Any recording of a Court proceeding held by video or teleconference, including "screen-shots" or other visual copying of a hearing, is absolutely prohibited. No one except the assigned Electronic Court Recorder or another person that the Court directs may record the audio or video of the hearing. Formalities of a courtroom will be observed. **Participants must dress appropriately and must conduct themselves in a suitable manner.** Violation of these prohibitions/admonitions may result in sanctions deemed necessary by the Court.

             **SIGNED AND DATED ABOVE.**