Dean W. O'Connor PLLC
2942 N 24th Street Suite 114-336
Phoenix, AZ 85016
602-956-9555
Dean@dean-oconnor.com
Dean W. O'Connor # 011941
Attorney for New Horizon

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

In Re:

SUSAN SIMPSON,

    Debtor,

---

NEW HORIZONS ROTH 401K PROFIT SHARING PLAN, BRAD GILBERSTON AS TRUSTEE,

    Movant,

v.

SUSAN SIMPSON AND DARWIN SIMPSON, a married couple,

    Respondents.

Chapter 13 Proceeding

Case No: 2:20-bk-02088-EPB

JOINT PRETRIAL STATEMENT

Hearing on

CONFIRMATION OF DEBTOR'S

5TH AMENDED CH 13 PLAN

Trial on April 7, 2021 at 11:00am

    The parties hereto, through their respective counsel undersigned, hereby submit their Joint Pretrial Statement in this matter for purposes of confirming the Debtor's 5th Amended ch 13 plan, Docket # 152, filed on March 25, 2021.

**Short Statement of the Case.**

    Susan Simpson filed a voluntary ch 13 case on 3/2/2020. At the time of filing, she had existing 1st and 2nd Deeds of Trust against her residence, the 1st Deed of Trust in favor of Chase Bank and the 2nd Deed of Trust in favor of NEW HORIZONS ROTH

401K PROFIT SHARING PLAN, BRAD GILBERSTON AS TRUSTEE ("New Horizons"). Debtor filed to protect her residence from a Trustee Sale set by Chase Bank. Debtor at the time of filing the bankruptcy case had never made a single payment on the note secured by the deed of trust in favor of New Horizons. New Horizons paid Chase Bank $23,713.94 to vacate Chase Bank's Trustee's Sale.

1. **Stipulated Facts.**

   A. Debtor Susan Simpson when she filed for relief under ch 13 on March 2, 2020.

   B. New Horizons filed a Motion for Relief from Stay on June 1, 2020, asserting no monthly regular payments were made on the loan to New Horizons by Debtor, prior to filing and since filing her ch 13 case. New Horizons filed a timely proof of claim asserting the amount owed prepetition, as arrearages is $ 152,456.38, see proof of claim #5 filed 5/11/2020. Chase Bank has filed a proof, claim # 3 showing prepetition arrearages originally in the amount of $ 304,457.90 with arrearages, and then amended the claim based on the payment to Chase Bank by New Horizons in the amount of $ 23,713.94.

   C. The Ch 13 Trustee, filed a Motion to Dismiss this case on 9/2/2020, Docket # 83 on the grounds the Debtor hasn't made her ch 13 plan payments that are delinquent in the amount of $3910.00 with $4705.00 due by Oct 3, 2020.

   D. Debtor's original schedule I and J, show <u>without</u> payments to the 1st and 2nd Deeds of Trusts on her house, her disposable income is $ 2,036.00. The regular mortgage payments on the 1st and 2nd mortgage are Chase $1853.71 and New Horizon $ 714.63. Total $2568.74, which exceeded her disposable income by more than $600.00 per month.

   E. The creditors Chase Bank, ADOR , and the Homeowner's Association, Colina Del Norte have all filed objections to Debtor's plan.

   F. Debtor agreed and an order has entered showing prepetition claims of $70,000 owed to New Horizons to be paid through the Debtor's ch 13 plan

G. Debtor at the time of filing the case didn't show she was working for a roofing company. Her schedules were amended showing wages and withholding from her work for Gray's Air Conditioning. At her 2004 Exam on March 1, 2021 she testified she is paid commissions not salary and gets a 1099. She has a 1099 from Gray's Air Conditioning for 2020, showing over $7,000.00 paid. Her bank statements for 2020 does not show all payments from Gray's totaling the 1099 statement.

H. Debtor on 8/26/20 amended her schedules showing additional income for her working for roofing company, and additional income from renters at her house, changing her income from what the amount was when filed of $4,013.00 to the current income amount of $5972.44, an increase in income of $1,959.44. Debtor did not have the income to hire counsel and got a gift of $2000.00 to pay her counsel Gary Stickell. The disclosure of counsel shows another $2500.00 will have to be added to the plan, for his fees to be paid. Now Gray's shows it paid Mr. Stickell and the moneys paid to Mr. Stickell is included in the 1099 income for 2020.

I. At the time the loan was made by New Horizons, Debtor claimed she was renting her house out, not living there and the New Horizon loan was an investor loan. At her 2004 exam Debtor testified she never had a renter move in and the lease was never commenced.

J. The current orders of the court require the Debtor to pay as conduit payments the 1st mortgage to Chase $1853.71 and the 2nd mortgage to New Horizons $714.63 for a total for her mortgages monthly of $2568.74.

K. Parties agree New Horizon's Objection to the 3rd Amended plan is also treated as New Horizon's objection to the 4th Amended plan and 5th Amended Plans.

2. **Debtor's Additional Facts**

Ms. Simpson has submitted a Fifth Amended Plan accompanied by an amended budget Schedules I and J. The amended budget reflects an increase of rent from her roommates from $1,000 to $1,500 per month. It also contains a more accurate description of her income from

Grays Air Conditioning. What Ms. Simpson believed to be hourly employment with Grays Air Conditioning in September has evolved to an independent contractor agreement with irregular income.

Further the Fifth Amended Plan and an amended budget reflects the forbearance agreement with her mortgage lender JP Morgan Chase. This forbearance agreement includes one month that is delinquent post-petition. Debtor will request that JP Morgan Chase permit the missed post-petition payments to be deferred and added to the end of her loan. The payment to JP Morgan Chase will resume in August 2021 as a conduit payment via the Trustee.

The disposable income reflected in Debtor's Amended Schedule I and J is $ 3,866.00. The proposed payment under the proposed Fifth Amended Plan for April and May 2021 is $2,010 because Debtor is scheduled for hip surgery on April 12, 2021 and will incur out of pocket expenses and perhaps a loss of income for these months. The increase of payment commencing in June 2021 reflects the disposable income on the amended Schedules I and J.

Debtor estimates by August 2021 that she will be receiving at a minimum of $2,500 as a manufacturer's representative of Evergreen for water treatment devices that is being funded by the U.S. Housing and Urban Development Program. Debtor has no contracts or written evidence, showing how she will be paid as the manufacturer's representative. New Horizons asserts these are not regular payments and are too speculative to fund her plan payments.

3. **Disputed Facts.**

A. Is the Debtor's plan feasible?

New Horizons asserts the evidence will show since the case was filed, the majority of payments on Debtor's first and 2nd mortgages were paid by the CH 13 Trustee from plan payments and not as conduit payments. A review of the Debtor's bank

statements since filing the case shows her income from all sources averages less than $4500.00 a month.

Debtor asserts she will get additional income starting in May 2021, but at her 2004 exam had no evidence of her future income, no letters and no explanation and specifics of how much and when she will be paid. Her testimony as to no documentation for this potential income was confirmed by an email dated 3/10/2021.

Additionally, her plan calls for $70,000 in arrearages to be paid to New Horizons, she needs to pay her counsel administration expenses of $2500.00 and the claim of her HOA prepetition of at least $ 2963.57. These payments are funded through plan payments. No payments have been made on these claims yet and only approx. $5000.00 exists for payment of these claims a full year after this case was filed. There is 4 years, 48 months to pay these claims, at equal monthly amounts totaling more than $1572.15 a month. These claims plus the conduit mortgage payments total monthly $4140.89.

B.  Is the Debtor's plan proposed in good faith?

New Horizons asserts the Debtor got the loan from New Horizons by claiming she had a renter, renting and paying rent for the house. This was not true. Debtor paid her HOA current and Chase Bank current with the loan proceeds from New Horizons and then made not payments to New Horizons in the loan before filing her bankruptcy case. Debtor also made misrepresentation to New Horizons to get the loan, that are asserted to be mortgage fraud.

C.  Can the Debtor's plan be confirmed under the requirements of 11 U.S.C. § 1325?

New Horizons asserts Debtor's plan is underfunded and not filed in good faith under the circumstances.

**Debtor's Disputed Facts**

It is Debtor's position as set forth above that her Fifth Amended Plan is feasible. Movant's debt is protected by the substantial equity in her property. The objection of the Arizona Department of Revenue has been resolved with ADOR making no priority claim.

A. **Issues of Law.**

1. Is the Debtor's plan feasible?

New Horizon's position:

Debtor's plan is not feasible, because she had insufficient income before filing and since filing to pay her mortgages, resulting in arrearages owed on the First and 2nd mortgages. She also has failed to pay her HOA, pre and post petition. Her income since filing has averaged less than $4500.00 per month by her bank statements. She has insufficient income to pay her living expenses and her current mortgage payments, she is short at least $400.00 per month. She has no income to pay over $1575.00 per month towards the prepetition arrearages in the case. She needs to show regular income sufficient to make her plan payments. Her commissions haven't started and future income is speculative.

Debtor's position:

It is Debtor's position as set forth above that her Fifth Amended Plan is feasible.


2. Is the Debtor's plan proposed in good faith?

New Horizons Position:

Debtor has now filed 4 plans, none of which are confirmable. Debtor claims she has income increasing, but her bank statements do not support her contentions. At her 2004 exam, she was unable to show regular income from her new income source, Grays' Air Conditioning and states she's a friend of one of the owner's

of Gray's. Also she has for several months asserted she is going to have income from Evergreen, water treatment through HUD yet at her 2004 exam she stated she has no writings, even emails showing she will be paid and how she will be compensated, no contract or letter regarding her compensation. She has since the case was filed for months paid her mortgage payments from money she paid in as plan payments to the CH 13 Trustee.

She has failed since filing to pay her HOA payments. She represented she paid two mortgages payments in open court around Jan 19th 2021, when in fact she only paid one payment and her bank statements shows she couldn't make the second payment because she lacked the funds to do so. Similarly she represented through counsel she had made the Dec 1, 2020 payment when due to Chase, when in fact she paid Dec 2020 payment 30 days late on Dec 30, 2020. Additionally she committed mortgage fraud on New Horizons to get her loan, claiming she had a rental lease, when in fact that she never had a renter and states in her schedules she lived in her house when the lease was represented by her to be in effect.

Debtor's position.

At the time that Debtor entered her loan agreement with New Horizons she had a signed lease agreement. Subsequently, the tenant backed out of the lease agreement as the tenant did not move to Arizona. Ms. Simpson's explanation for the failure one of her payments to Chase Home Mortgage in January 2021 is that she anticipated that her employer would be direct depositing funds into her account that would cover that payment. The direct deposit delay is explained in a letter from Gray' Air Conditioning, Inc. which states in part: "You were given an approximate date (usually accurate) regarding our receipt of payment by wire transfer on a job you were owed a commission on. For whatever reason the bank failed to correctly credit those funds, which trigger your commission payment, until February 4, 2021 when you were paid for the transaction that should have paid on January 19, 2021".

The Fifth Amended Plan is presented in good faith.

3. Can the Debtor's plan as proposed be confirmed?

New Horizons Position:

11 U.S.C. § 1325 sets forth the requirements to confirm a ch 13 plan. The Ch 13 plan must be proposed in good faith and also the Debtor must show:

(6)
the debtor will be able to make all payments under the plan and to comply with the plan;

(7)
the action of the debtor in filing the petition was in good faith;

The evidence will show the Debtor hasn't and will not make sufficient income to fund her plan and her current plan is underfunded, with monthly conduit payments exceeding plan payments by over $400 per month, with no funds to pay any of the arrearages of over $75,000.00.

Debtor's position:

The Fifth Amended Plan is confirmable. The amended budget reflects an increase of rent from her roommates from $1,000 to $1,500 per month. It also contains a more accurate description of her income from Grays Air Conditioning. Further the Fourth Amended Plan and an amended budget will reflect the forbearance agreement with her mortgage lender JP Morgan Chase. Debtor estimates by October that she will be receiving at a minimum of $2,500 as a manufacturers representative of Evergreen for water treatment devices that is being funded by the U.S. Housing and Urban Development Program.

The amended budget and Fourth Amended Plan reflects the ability to begin larger funding that will fully fund the Chapter 13 Plan. Because of the increase of funding, the Fourth Amended Plan reduces the period of payments from 60 to 53 months.

A. **Disputed Issues of Law.** None

B. **List of Witnesses.**

New Horizons will call the following witnesses at trial:

A. Brad Gilbertson of Brads Loans and as Trustee of New Horizons. c/o Dean O'Connor, counsel. Brad Gilbertson will testify to his experience as a licensed lender and all matters regarding the loan made by New Horizons to the Debtor. He will testify regarding a lease the Debtor had and the reasons for the loan, the lack of any payments prior to the bankruptcy filing, the terms and conditions of the loan and the signing by the Debtor. How the loan is handled and all matter regarding the collection and the advance made to pay Chase Bank and stop the foreclosure sale on the property.

B. Becky Young with Evergreen Note Servicing, Address: 7310 N 16th St Suite 315, Phoenix, AZ 85020, Phone: (800) 473-3898, will testify as the loan servicer for New Horizon and in the preparation of the amount, interest, default interest and late fees and how she calculated the amount owed by Susan Simpson as of the bankruptcy filing. She will testify as to her background and the accuracy of the amounts owed under the promissory note by Susan Simpson.

C. Susan Simpson, Debtor c/o Gary Stickel1.

**Debtor's Witnesses**.

Susan Simpson, Debtor. Ms. Simpson will testify as to her financial circumstances including but not limited to her changing income and other revenue.

A. **New Horizon's List of Exhibits.**

(1) Docket 8 Application to pay filing fees in installments
(2) Docket 29 Schedules and statements filed by Susan Simpson
(3) Docket 30 Chapter 13 statement of Monthly Income
(4) Docket 31 Ch 13 plan

(5) Docket 32 Evidence of employer payments

(6) Docket 35 HOA Objection to ch 13 plan

(7) Docket 36 Objection to ch 13 plan by Chase Bank

(8) Docket 37 Objection by ADOR to Ch 13 plan

(9) Docket 39 Trustee's plan recommendation

(10) Docket 57 Minutes of hearing held 7/16/2020

(11) Docket 60 New Horizons' Response to Objection to Proof of Claim 5

(12) Docket 62 Amendments to Schedules

(13) Docket 63 Amended Chapter 13 Plan

(14) Docket 66 Minutes of Hearing held 8/13/2020

(15) Docket 67 Minute entry

(16) Docket 75 Amendments to schedules

(17) Docket 77 Second Amended ch 13 Plan

(18) Docket 78 New Horizons' Objection to Ch 13 plan

(19) Docket 82 Disclosure of Compensation of counsel

(20) Docket 83 Trustee's Motion to Dismiss case.

(21) Docket 90, Trustee's recommendation Amended Modified Plan

(22) Docket 91 Chapter 13 Plan and Application for Payment of Administrative Expense and Notice of Date to File Objection *Third Amended Plan*

(23) Docket 105 Trustee Recommendation Amended or Modified Plan. (MANEY, EDWARD

(24) Lease of property by Simpson prior to ch 13 case.

(25) Debtor's bank statements with Chase Bank since filing the case until hearing 3/2020 to 3/2021.

(26) Chase statements showing payments when made since filing the case on Debtor's first mortgage covering 3/2020 to 3/2021.

(27) Deposition Transcript of the 2004 Exam taken of Debtor on March 1, 2021 and all exhibits thereto.

(28) Minutes entries of all court hearings since Dec. 1st 2020.

(29) New Horizons Notice of Default dated Feb. 16, 2021.

(30) Letter of Gray's Air Conditioning dated Feb 2021.

(31) Letter of K Bear Capital LLC dated Fen 25, 2021

(32) Gary's Stickell's email to Den W O'Connor dated 3/9/2021 and all attachments to the email.

(33) Gary's Stickell's email to Dean W O'Connor dated 2/26/2021 and all attachments to the email

(34) Debtor's Loan Application given to New Horizons

**Debtor's List of Exhibits**

(A) Debtor's Fourth Amended Chapter 13 Plan.

(B) Debtor's Amended Schedule I and J dated March 12, 2021

(C) Debtor's 1099 from Grays' Air Conditioning for 2020

(D) Letter dated March 16, 2021 from Chase Home Lending

(E) Notice of Request for Mortgage Forbearance Due COVID

(F) Arizona DOR.Amended Proof of Claim

(G) 5th Amended Ch 13 plan

(H) NDC - Case Summary

(I) NDC - Claim Summary

(J) NDC - Account Ledge

(K) All Exhibits listed by Movant

C. **Estimated Length of Trial.** The parties estimate that bench trial will require 1/2 day to complete.

D. All exhibits have been disclosed and exchanged and there are no objections to any exhibits listed for use at trial.

**RESPECTFULLY SUBMITTED** this 1st day of April, 2021.

DEAN W. O'CONNOR, P.L.L.C.
By: /s/ Dean W. O'Connor
Dean W. O'Connor
Attorney for New Horizons


Gary Stickell

By: /s/ Gary Stickell
Gary Stickell
Counsel for Debtor

# CERTIFICATE OF SERVICE

**ORIGINAL** of the foregoing e-filed this 1st day of April, 20221, with the Clerk of the Bankruptcy Court and a COPY was emailed and mailed to:

Gary Stickell

By: /s/ Dean W. O'Connor
　　Dean W. O'Connor