Scott W. Hyder (AZ Bar No. 017282)
**LAW OFFICE OF SCOTT W. HYDER PLC**
3420 East Shea Blvd., Ste. 200
Phoenix, Arizona 85028
Phone: (602) 923-7370
Fax: (602) 795-6010
E-mail: shyder@scotthyderlaw.com
Attorney for Debtor Susan Simpson

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

In re:

SUSAN SIMPSON,

　　　　　Debtor

CHAPTER 13

Case No. 2:20-bk-02088-EPB

**STIPULATED MOTION TO SELL REAL PROPERTY AND EMPLOY REAL ESTATE AGENT**

Pursuant to *Local R. Bankr. P. 2084-25(b)*, Debtor SUSAN SIMPSON and Chapter 13 Trustee Edward Maney, along with creditor New Horizons 401(k) Profit Sharing Plan FBO Brad Gilbertson ("**New Horizons**") hereby respectfully request an order allowing Debtor to sell her primary residence and employ a real estate agent.

　　　　1.　　Debtor filed a Chapter 13 voluntary petition on March 2, 2020.

　　　　2.　　Property of the bankruptcy estate includes Debtor's interest in real property located at 5320 E. Thunder Hawk Road, Cave Creek, AZ 85331, and legally described as:

　　　　Lot 178, COLINA DEL NORTE, ACCORDING TO BOOK 474 OF MAPS, PAGE 30, RECORDS OF MARICOPA COUNTY, ARIZONA.

(the "**Property**").

　　　　3.　　The Property is Debtor's exempt homestead pursuant to *A.R.S. § 33-1101*. Such exemption was asserted on Schedule C filed on or about April 15, 2020 [DE #29]. No party ever objected to such exemption pursuant to *Fed. R. Bankr. P. 4003*.

4.     First-position lien holder JPMorgan Chase Bank, N.A. ("**Chase**") filed Proof of Claim No. 3 showing a secured claim balance of $304,457.90 (the "**Chase Claim**").

5.     Second-position lien holder Colina Del Norte Homeowners Association (the "**HOA**") filed Proof of Claim No. 2 showing a secured claim balance of $3,192.42 (the "**HOA Claim**").

6.     Third-position lien holder New Horizons filed proof of Claim No. 5 showing a secured claim balance of $210,637.75 (the "**New Horizons Claim**").

7.     Debtor objected to the New Horizons Claim. *See Docket Entry Nos. 52, 60, 85*.

8.     New Horizons and Debtor have stipulated that the New Horizons Claim shall be reduced down to $126,500, plus any unpaid accrued interest that has not already been paid to New Horizons, as stated on the record by New Horizons' and Debtor's counsel at a hearing held in front of the Court on August 3, 2021.

9.     On or about August 2, 2021, Debtor filed an amended plan to sell the Property to pay off all valid liens. Upon information and belief, such liens consist of the Chase Claim, the HOA Claim, and the reduced New Horizons Claims.

10.     In connection with the sale of the Property:

(a)     Debtor certifies that she intends to list the sale of the Property for at least $650,000 and that the proposed sale price represents a fair value for the Property based on its condition;

(b)     Debtor certifies that she has entered into the purchase agreement attached hereto as Exhibit "A". Among other things, the purchase agreement states:

- The buyer shall pay a purchase price of $754,000.

- The closing shall occur on or before September 30, 2021.

- The consummation of the purchase is contingent on the buyer's selling its house.

(c)     Debtor certifies that all costs of sale, including escrow fees, taxes, title insurance, and broker's commissions, will be paid in full from the sale proceeds (the "**Closing Costs**");

(d)     Debtor certifies that the remaining payoff amounts under the Chase Claim, the HOA Claim, and the reduced New Horizons' Claim, plus any unpaid accrued interest that has

not already been paid to New Horizons, shall be paid in full before or simultaneously with the transfer of title or possession to the buyer, and such payments shall be made directly from the sale proceeds held by escrow agent;

(e)     After escrow agent pays all amounts set forth in <u>Sections 10(c) and 10(d)</u> above, escrow agent shall pay approximately $15,000 to the Chapter 13 trustee, or a lesser amount approved in writing by the Chapter 13 trustee,  to pay off all remaining unsecured claims filed in this case, plus expected administrative expenses.

(f)     After escrow agent pays all amounts set forth in <u>Sections 10(c), 10(d) and 10(e)</u> above, escrow agent shall pay to Debtor all remaining excess proceeds from the sale of the Property.

(g)     Debtor certifies that the sale price shall be all cash; and

(h)     Debtor certifies that she will not relinquish title to or possession of the Property before payment in full of the purchase price.

11.     Debtor also requests for the Court to permit Debtor to retain a real estate agent to assist in the sale of the Property and to pay such agent a commission not to exceed 6% of the sale price for the Property.

WHEREFORE, the parties respectfully request this Court:

A.     To enter an Order in the form attached hereto as <u>Exhibit "2"</u> granting this Motion; and

B.     For any further relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 25th day of August, 2021.

LAW OFFICE OF SCOTT W. HYDER, PLC          LAKE AND COBB, PLC

By: /s/ Scott W. Hyder, AZ Bar No. 017282     By: /s/ Don Fletcher, AZ Bar No. 012140
    Scott W. Hyder                                    Don Fletcher
    Counsel for Debtor                                Counsel for New Horizons 401(k)
                                                      Profit Sharing Plan FBO Brad
                                                      Gilbertson
                                                      (signed with permission)

3

**EDWARD J. MANEY, CHAPTER 13 TRUSTEE**

By:    /s/ Ross Mumme, AZ Bar No. 029956
       Ross Mumme, counsel for
       Chapter 13 Trustee Edward J. Maney
       (signed with permission)

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing was filed with the Clerk of the Court this 25th day of August, 2021 via ECF and that a copy of the foregoing was served via receipt of the Notice of Electronic Filing pursuant to Local Rule 9076-1 and via electronic mail, addressed to the following party:

Don C. Fletcher, Esq.                          Ross Mumme
Lake and Cobb, PLC                             Counsel Chapter 13 Trustee Edward J. Maney
1095 West Rio Salado Parkway, Suite 206        101 North First Avenue, Ste. 1775
Tempe, Arizona 85281                           Phoenix, Arizona  85003
Attorney for Creditor New Horizons             Sent via email only:
401(k) Profit Sharing Plan                     rmumme@maney13trustee.com
Sent via email only:
dfletcher@lakeandcobb.com

Elizabeth C. Amorosi                           Leonard J. McDonald, Jr.|
Office of the United States Trustee            Tiffany & Bosco, P.A.
230 North First Avenue, Ste. 204               7720 N. 16th Street, Ste. 300
Phoenix, Arizona 85003-1706                    Phoenix, AZ 85020
Sent via email only:                           Counsel for JPMorgan Chase
Elizabeth.C.Amorosi@usdoj.gov                  Sent via email only:
                                               ljm@tblaw.com

Clint G. Goodman
Ashley Moscarello
Goodman Holmgren Law Group, LLP
3654 N. Power Road, Ste. 132
Mesa, AZ 85215
Counsel for Colina Del Norte Homeowners
Association
Sent via email only:
clint@goodlaw.legal
info@goodlaw.legal
ashley@goodlaw.legal

/s/ Scott W. Hyder

## EXHIBIT "1"

**(See Attached Purchase Contract)**

DocuSign Envelope ID: 70211297-341A-4414-BFED-08DCEF947132

**West USA Realty**

**RESIDENTIAL RESALE REAL ESTATE**
# PURCHASE CONTRACT

Document updated:
**February 2020**



**ARIZONA**
association of
**REALTORS**

REAL SOLUTIONS. REALTOR® SUCCESS.

The pre-printed portion of this form has been drafted by the Arizona Association of REALTORS®. Any change in the pre-printed language of this form must be made in a prominent manner. No representations are made as to the legal validity, adequacy and/or effects of any provision, including tax consequences thereof. If you desire legal, tax or other professional advice, please consult your attorney, tax advisor or professional consultant.



## 1. PROPERTY

1a. 1. BUYER: <u>Richard A Whitaker, Barbara G Whitaker</u>
BUYER'S NAME(S)

2. SELLER: <u>Susan K Simpson</u> or ☐ as identified in section 9c.
SELLER'S NAME(S)
3. Buyer agrees to buy and Seller agrees to sell the real property with all improvements, fixtures, and appurtenances thereon
4. or incidental thereto, plus the personal property described herein (collectively the "Premises").

1b. 5. Premises Address: <u>5320 E Thunder Hawk Rd</u> Assessor's #: <u>211-37-469</u>
6. City: <u>Cave Creek</u> County: <u>Maricopa</u> AZ, Zip Code: <u>85331</u>
7. Legal Description: <u>Colina Del Norte MCR 474-30</u>
8. _____
9. _____

1c. 10. $ <u>748,500.00</u> Full Purchase Price, paid as outlined below
11. $ <u>5,000.00</u> Earnest money
12. $ <u>743,500.00</u> <u>Cash At COE</u>
13. $ _____
14. _____
15. _____
16. _____
17. Earnest Money is in the form of: ☒ Personal Check ☐ Wire Transfer ☐ Other _____
18. Upon acceptance of this offer, the Earnest Money, if any, will be deposited with: ☒ Escrow Company ☐ Broker's Trust Account.
19. IF THIS IS AN ALL CASH SALE: A Letter of Credit or a source of funds from a financial institution documenting the availability of
20. funds to close escrow *is* attached hereto.

1d. 21. **Close of Escrow:** Close of Escrow ("COE") shall occur when the deed is recorded at the appropriate county recorder's office.
22. Buyer and Seller comply with all terms and conditions of this Contract, execute and deliver to Escrow Company all closing
23. documents, and perform all other acts necessary in sufficient time to allow COE to occur on
24. <u>September</u> <u>30th</u> , <u>2021</u> ("COE Date"). If Escrow Company or recorder's office is closed on the COE Date,
MONTH            DAY            YEAR
25. COE shall occur on the next day that both are open for business.

26. Buyer shall deliver to Escrow Company a cashier's check, wired funds or other immediately available funds to pay any down
27. payment, additional deposits or Buyer's closing costs, and instruct the lender, if applicable, to deliver immediately available funds to
28. Escrow Company, in a sufficient amount and in sufficient time to allow COE to occur on COE Date.

29. Buyer acknowledges that failure to pay the required closing funds by the scheduled COE, if not cured after a cure notice is delivered
30. pursuant to Section 7a, shall be construed as a material breach of this Contract and the Earnest Money shall be subject to forfeiture.

31. All funds are to be in U.S. currency.

1e. 32. **Possession:** Seller shall deliver possession, occupancy, existing keys and/or means to operate all locks, mailbox, security
33. system/alarms, and all common area facilities to Buyer at COE or _____ .
34. Broker(s) recommend that the parties seek independent counsel from insurance, legal, tax, and accounting professionals regarding
35. the risks of pre-possession or post-possession of the Premises.

1f. 36. **Addenda Incorporated:** ☐ Additional Clause ☒ Buyer Contingency ☐ Domestic Water Well ☒ H.O.A.
37. ☐ Lead-Based Paint Disclosure ☐ Loan Assumption ☐ On-site Wastewater Treatment Facility ☐ Seller Financing ☐ Short Sale
38. ☐ Solar Lease / Solar Loan Assumption Addendum ☒ Other: <u>Addendum 1 35</u>

>>

West USA Realty, 7047 E Greenway Pkwy #180 Scottsdale AZ 85254
Phone: 480-296-3922    Fax:                    Lee Courtney                    Whitaker
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026    www.zipLogix.com
Electronically Signed using eSignOnline™ | Session ID : 623/0a14-f72b-4074-a446-bed09...

Case 2:20-bk-02088-EPB    Doc 202    Filed 08/25/21    Entered 08/25/21 10:54:23    Desc
Main Document    Page 6 of 27

DocuSign Envelope ID: 70211297-341A-4414-BFED-08DCEF947132

*Residential Resale Real Estate Purchase Contract >>*

**1g. 39. Fixtures and Personal Property:** For purposes of this Contract, fixtures shall mean property attached/affixed to the Premises.
40. Seller agrees that all existing: fixtures on the Premises, personal property specified herein, and means to operate fixtures and
41. property (i.e.- remote controls) shall convey in this sale. Including the following:

42. • built-in appliances, ceiling fans and remotes • media antennas/satellite dishes (affixed) • storage sheds
43. • central vacuum, hose, and attachments • outdoor fountains and lighting • storm windows and doors
44. • draperies and other window coverings • outdoor landscaping (i.e. – shrubbery, • stoves: gas-log, pellet, wood-burning
45. • fireplace equipment (affixed) trees and unpotted plants) • timers (affixed)
46. • floor coverings (affixed) • shutters and awnings • towel, curtain and drapery rods
47. • free-standing range/oven • smart home devices, access to which • wall mounted TV brackets and hardware
48. • garage door openers and remotes shall be transferred (i.e., video doorbell, (excluding TVs)
49. • light fixtures automated thermostat) • water-misting systems
50. • mailbox •speakers (flush-mounted) • window and door screens, sun shades

51. If owned by Seller, the following items also are included in this sale:
52. • affixed alternate power systems serving • in-ground pool and spa/hot tub equipment • security and/or fire systems and/or alarms
53. the Premises (i.e., solar) and covers (including any mechanical or • water purification systems
54. other cleaning systems) • water softeners

55. Additional existing personal property included in this sale (if checked):
56. ☒ refrigerator (description): _____
57. ☐ washer (description): _____
58. ☐ dryer (description): _____
59. ☐ above-ground spa/hot tub including equipment, covers, and any mechanical or other cleaning systems (description): _____
60. _____
61. ☐ other personal property not otherwise addressed (description): _____
62. ☐ other personal property not otherwise addressed (description): _____

63. **Additional existing personal property included shall not be considered part of the Premises and shall be transferred with no**
64. **monetary value, and free and clear of all liens or encumbrances.**

65. Leased items shall **NOT** be included in this sale. Seller shall deliver notice of all leased items within three (3) days after Contract
66. acceptance. Buyer shall provide notice of any leased items disapproved within the Inspection Period or five (5) days after receipt of
67. the notice, whichever is later.

68. **IF THIS IS AN ALL CASH SALE:** Section 2 does not apply - go to Section 3.

## 2. FINANCING

**2a. 69. Pre-Qualification:** An AAR Pre-Qualification Form *is* attached hereto and incorporated herein by reference.

**2b. 70. Loan Contingency:** Buyer's obligation to complete this sale is contingent upon Buyer obtaining loan approval without Prior to
71. Document ("PTD") conditions no later than three (3) days prior to the COE Date for the loan described in the AAR Loan Status
72. Update ("LSU") form or the AAR Pre-Qualification Form, whichever is delivered later. No later than three (3) days prior to the
73. COE Date, Buyer shall either: (i) sign all loan documents; or (ii) deliver to Seller or Escrow Company notice of loan
74. approval without PTD conditions AND date(s) of receipt of Closing Disclosure(s) from Lender; or (iii) deliver to Seller or
75. Escrow Company notice of inability to obtain loan approval without PTD conditions.

**2c. 76. Unfulfilled Loan Contingency:** This Contract shall be cancelled and Buyer shall be entitled to a return of the Earnest Money if
77. after diligent and good faith effort, Buyer is unable to obtain loan approval without PTD conditions and delivers notice of inability
78. to obtain loan approval no later than three (3) days prior to the COE Date. If Buyer fails to deliver such notice, Seller may issue a
79. cure notice to Buyer as required by Section 7a and, in the event of Buyer's breach, Seller shall be entitled to the Earnest Money
80. pursuant to Section 7b. If, prior to expiration of any Cure Period, Buyer delivers notice of inability to obtain loan approval, Buyer
81. shall be entitled to a return of the Earnest Money. Buyer acknowledges that prepaid items paid separately from the Earnest Money
82. are not refundable.

**2d. 83. Interest Rate / Necessary Funds:** Buyer agrees that (i) the inability to obtain loan approval due to the failure to lock the interest
84. rate and "points" by separate written agreement with the lender; or (ii) the failure to have the down payment or other funds
85. due from Buyer necessary to obtain the loan approval without conditions and close this transaction is not an unfulfilled loan
86. contingency.

**2e. 87. Loan Status Update:** Buyer shall deliver to Seller the LSU, with at a minimum lines 1-40 completed, describing the current status
88. of the Buyer's proposed loan within ten (10) days after Contract acceptance and instruct lender to provide an updated LSU to
89. Broker(s) and Seller upon request.

>>

SELLER   SELLER   <Initials   Initials>   BUYER   BUYER

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com

Whitaker

Electronically Signed using eSignOnline™ | Session ID : 823/0a14-f72b-4074-a446-bed0fa44a11e

DocuSign Envelope ID: 70211297-341A-4414-BFED-08DCEF947132

*Residential Resale Real Estate Purchase Contract >>*

**2f. 90. Loan Application:** Unless previously completed, within three (3) days after Contract acceptance Buyer shall (i) provide lender
91. with Buyer's name, income, social security number, Premises address, estimate of value of the Premises, and mortgage loan
92. amount sought; and (ii) grant lender permission to access Buyer's Trimerged Residential Credit Report.

**2g. 93. Loan Processing During Escrow:** Within ten (10) days after receipt of the **Loan Estimate** Buyer shall (i) provide lender with
94. notice of intent to proceed with the loan transaction in a manner satisfactory to lender; and (ii) provide to lender all requested
95. signed disclosures and the documentation listed in the LSU at lines 32-35. Buyer agrees to diligently work to obtain the loan and
96. will promptly provide the lender with all additional documentation requested.

**2h. 97. Type of Financing:** □ Conventional □ FHA □ VA □ USDA □ Assumption □ Seller Carryback □ _____
98. (If financing is to be other than new financing, see attached addendum.)

**2i. 99. Loan Costs:** All costs of obtaining the loan shall be paid by Buyer, unless otherwise provided for herein.

**2j. 100. Seller Concessions (if any):** In addition to the other costs Seller has agreed to pay herein, Seller will credit Buyer _____ %
101. of the Purchase Price OR $ _____ (Seller Concessions). The Seller Concessions may be used for any Buyer fee, cost, charge,
102. or expenditure to the extent allowed by Buyer's lender.

**2k. 103. Changes:** Buyer shall immediately notify Seller of any changes in the loan program, financing terms, or lender described in the
104. Pre-Qualification Form attached hereto or LSU provided within ten (10) days after Contract acceptance and shall only make any
105. such changes without the prior written consent of Seller if such changes do not adversely affect Buyer's ability to obtain loan
106. approval without PTD conditions, increase Seller's closing costs, or delay COE.

**2l. 107. Appraisal Contingency:** Buyer's obligation to complete this sale is contingent upon an appraisal of the Premises acceptable to
108. lender for at least the purchase price. If the Premises fail to appraise for the purchase price in any appraisal required by lender,
109. Buyer has five (5) days after notice of the appraised value to cancel this Contract and receive a refund of the Earnest Money or
110. the appraisal contingency shall be waived, unless otherwise prohibited by federal law.

**2m.111. Appraisal Cost(s):** Initial appraisal fee shall be paid by □ Buyer □ Seller □ Other _____
112. at the time payment is required by lender and is non-refundable. If Seller is paying the initial appraisal fee, the fee □ will □ will not
113. be applied against Seller's Concessions at COE, if applicable. If Buyer's lender requires an updated appraisal prior to COE, it will be
114. performed at Buyer's expense. Any appraiser/lender required inspection cost(s) shall be paid for by Buyer.

# 3. TITLE AND ESCROW

**3a. 115. Escrow:** This Contract shall be used as escrow instructions. The Escrow Company employed by the parties to carry out the
116. terms of this Contract shall be:

117. **Security Title** _____
ESCROW/TITLE COMPANY

118. _____
ADDRESS      CITY      STATE    ZIP

119. **LINDA.LIERMANN@SECURITYTITLE.COM**    **(480)393-7373** _____
EMAIL      PHONE      FAX

**3b. 120. Title and Vesting:** Buyer will take title as determined before COE. If Buyer is married and intends to take title as his/her sole
121. and separate property, a disclaimer deed may be required. Taking title may have significant legal, estate planning and tax
122. consequences. Buyer should obtain independent legal and tax advice.

**3c. 123. Title Commitment and Title Insurance:** Escrow Company is hereby instructed to obtain and deliver to Buyer and Seller directly,
124. addressed pursuant to 8s and 9c or as otherwise provided, a Commitment for Title Insurance together with complete and legible copies
125. of all documents that will remain as exceptions to Buyer's policy of Title Insurance ("Title Commitment"), including but not limited to
126. Conditions, Covenants and Restrictions ("CC&Rs"); deed restrictions; and easements. Buyer shall have five (5) days after receipt of the
127. Title Commitment and after receipt of notice of any subsequent exceptions to provide notice to Seller of any items disapproved. Seller
128. shall convey title by warranty deed, subject to existing taxes, assessments, covenants, conditions, restrictions, rights of way, easements
129. and all other matters of record. Buyer shall be provided at Seller's expense an American Land Title Association ("ALTA") Homeowner's
130. Title Insurance Policy or, if not available, a Standard Owner's Title Insurance Policy, showing title vested in Buyer. Buyer may acquire
131. extended coverage at Buyer's own additional expense. If applicable, Buyer shall pay the cost of obtaining the ALTA Lender Title
132. Insurance Policy.

>>

| SELLER | SELLER | <Initials | Residential Resale Real Estate Purchase Contract • Updated: February 2020<br>Copyright © 2020 Arizona Association of REALTORS®. All rights reserved. | Initials> | BUYER | BUYER | |
Page 3 of 10

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com     Whitaker



Electronically Signed using eSignOnline™ [ Session ID : 823f0a14-f72b-4074-a446-bcd00f0500aa ]

DocuSign Envelope ID: 70211297-341A-4414-BFED-08DCEF947132

**3d. 133. Additional Instructions:** (i) Escrow Company shall promptly furnish notice of pending sale that contains the name and address of
134. Buyer to any homeowner's association(s) in which the Premises are located. (ii) If Escrow Company is also acting as the title agency
135. but is not the title insurer issuing the title insurance policy, Escrow Company shall deliver to Buyer and Seller, upon deposit of funds, a
136. closing protection letter from the title insurer indemnifying Buyer and Seller for any losses due to fraudulent acts or breach of escrow
137. instructions by Escrow Company. (iii) All documents necessary to close this transaction shall be executed promptly by Seller and
138. Buyer in the standard form used by Escrow Company. Escrow Company shall modify such documents to the extent necessary to be
139. consistent with this Contract. (iv) Escrow Company fees, unless otherwise stated herein, shall be allocated equally between Seller and
140. Buyer. (v) Escrow Company shall send to all parties and Broker(s) copies of all notices and communications directed to Seller, Buyer
141. and Broker(s). (vi) Escrow Company shall provide Broker(s) access to escrowed materials and information regarding the escrow. (vii)
142. If an Affidavit of Disclosure is provided, Escrow Company shall record the Affidavit at COE.

**3e. 143. Tax Prorations:** Real property taxes payable by Seller shall be prorated to COE based upon the latest tax information available.

**3f. 144. Release of Earnest Money:** In the event of a dispute between Buyer and Seller regarding any Earnest Money deposited with
145. Escrow Company, Buyer and Seller authorize Escrow Company to release the Earnest Money pursuant to the terms and conditions
146. of this Contract in its sole and absolute discretion. Buyer and Seller agree to hold harmless and indemnify Escrow Company against
147. any claim, action or lawsuit of any kind, and from any loss, judgment, or expense, including costs and attorney fees, arising from or
148. relating in any way to the release of Earnest Money.

**3g. 149. Prorations of Assessments and Fees:** All assessments and fees that are not a lien as of COE, including homeowner's
150. association fees, rents, irrigation fees, and, if assumed, insurance premiums, interest on assessments, interest on encumbrances,
151. and service contracts, shall be prorated as of COE or ☐ Other: _____

**3h. 152. Assessment Liens:** The amount of any assessment lien or bond including those charged by a special taxing district, such as a
153. Community Facilities District, shall be prorated as of COE.

# 4. DISCLOSURE

**4a. 154. Seller's Property Disclosure Statement ("SPDS"):** Seller shall deliver a completed AAR Residential SPDS form to Buyer
155. within three (3) days after Contract acceptance. Buyer shall provide notice of any SPDS items disapproved within the Inspection
156. Period or five (5) days after receipt of the SPDS, whichever is later.

**4b. 157. Insurance Claims History:** Seller shall deliver to Buyer a written five (5) year insurance claims history regarding the Premises (or a
158. claims history for the length of time Seller has owned the Premises if less than five (5) years) from Seller's insurance company or an
159. insurance support organization or consumer reporting agency, or if unavailable from these sources, from Seller, within five (5) days
160. after Contract acceptance. Buyer shall provide notice of any items disapproved within the Inspection Period or five (5) days after
161. receipt of the claims history, whichever is later.

**4c. 162. Foreign Sellers:** The Foreign Investment in Real Property Tax Act ("FIRPTA") is applicable if Seller is a non-resident alien
163. individual, foreign corporation, foreign partnership, foreign trust, or foreign estate ("Foreign Person"). Seller agrees to complete,
164. sign, and deliver to Escrow Company a certificate indicating whether Seller is a Foreign Person. FIRPTA requires that a foreign
165. seller may have federal income taxes up to 15% of the purchase price withheld, unless an exception applies. Seller is responsible
166. for obtaining independent legal and tax advice.

**4d. 167. Lead-Based Paint Disclosure:** If the Premises were built prior to 1978, Seller shall: (i) notify Buyer of any known lead-based paint
168. ("LBP") or LBP hazards in the Premises; (ii) provide Buyer with any LBP risk assessments or inspections of the Premises in Seller's
169. possession; (iii) provide Buyer with the Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards, and any
170. report, records, pamphlets, and/or other materials referenced therein, including the pamphlet "Protect Your Family from Lead in Your
171. Home" (collectively "LBP Information"). Buyer shall return a signed copy of the Disclosure of Information on Lead-Based Paint and
172. Lead-Based Paint Hazards to Seller prior to COE.

173. ☐ LBP Information was provided prior to Contract acceptance and Buyer acknowledges the opportunity to conduct LBP risk
174. assessments or inspections during Inspection Period.

175. ☐ Seller shall provide LBP Information within five (5) days after Contract acceptance. Buyer may within ten (10) days

176. or _____ days after receipt of the LBP Information conduct or obtain a risk assessment or inspection of the Premises for the
177. presence of LBP or LBP hazards ("Assessment Period"). Buyer may within five (5) days after receipt of the LBP Information or five
178. (5) days after expiration of the Assessment Period cancel this Contract.

179. Buyer is further advised to use certified contractors to perform renovation, repair or painting projects that disturb lead-based paint in
180. residential properties built before 1978 and to follow specific work practices to prevent lead contamination.

181.                    If Premises were constructed prior to 1978, (BUYER'S INITIALS REQUIRED)   BUYER _____   BUYER _____

182.                    If Premises were constructed in 1978 or later, (BUYER'S INITIALS REQUIRED)   BUYER _____   BUYER _____

>>

Residential Resale Real Estate Purchase Contract • Updated: February 2020
Copyright © 2020 Arizona Association of REALTORS®. All rights reserved.

SELLER   SELLER

Whitaker

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com

Case 2:20-bk-02088-EPB   Doc 202   Filed 08/25/21   Entered 08/25/21 10:54:23   Desc
Main Document   Page 9 of 27
Electronically Signed using eSignOnline™ [ Session ID : 623f0a14-f72b-4074-a446-bed2fdfba77d ]

DocuSign Envelope ID: 70211297-341A-4414-BFED-08DCEF947132

*Residential Resale Real Estate Purchase Contract >>*

**4e. 183. Affidavit of Disclosure:** If the Premises are located in an unincorporated area of the county, and five (5) or fewer parcels of
184. property other than subdivided property are being transferred, Seller shall deliver a completed Affidavit of Disclosure in the form
185. required by law to Buyer within five (5) days after Contract acceptance. Buyer shall provide notice of any Affidavit of Disclosure items
186. disapproved within the Inspection Period or five (5) days after receipt of the Affidavit of Disclosure, whichever is later.

**4f. 187. Changes During Escrow:** Seller shall immediately notify Buyer of any changes in the Premises or disclosures made herein,
188. in the SPDS, or otherwise. Such notice shall be considered an update of the SPDS. Unless Seller is already obligated by this
189. Contract or any amendments hereto, to correct or repair the changed item disclosed, Buyer shall be allowed five (5) days after
190. delivery of such notice to provide notice of disapproval to Seller.

# 5. WARRANTIES

**5a. 191. Condition of Premises: BUYER AND SELLER AGREE THE PREMISES ARE BEING SOLD IN ITS PRESENT PHYSICAL**
192. **CONDITION AS OF THE DATE OF CONTRACT ACCEPTANCE.** Seller makes no warranty to Buyer, either express or implied, as
193. to the condition, zoning, or fitness for any particular use or purpose of the Premises. However, Seller shall maintain and repair the
194. Premises so that at the earlier of possession or COE: (i) the Premises, including all personal property included in the sale, will be in
195. substantially the same condition as on the date of Contract acceptance; and (ii) all personal property not included in the sale and
196. debris will be removed from the Premises. Buyer is advised to conduct independent inspections and investigations regarding the
197. Premises within the Inspection Period as specified in Section 6a. Buyer and Seller acknowledge and understand they may, but are
198. not obligated to, engage in negotiations for repairs/improvements to the Premises. Any/all agreed upon repairs/improvements will be
199. addressed pursuant to Section 6j.

**5b. 200. Warranties that Survive Closing:** Seller warrants that Seller has disclosed to Buyer and Broker(s) all material latent defects and
201. any information concerning the Premises known to Seller, excluding opinions of value, which materially and adversely affect the
202. consideration to be paid by Buyer. Prior to COE, Seller warrants that payment in full will have been made for all labor, professional
203. services, materials, machinery, fixtures, or tools furnished within the 150 days immediately preceding COE in connection with the
204. construction, alteration, or repair of any structure on or improvement to the Premises. Seller warrants that the information regarding
205. connection to a sewer system or on-site wastewater treatment facility (conventional septic or alternative) is correct to the best of
206. Seller's knowledge.

**5c. 207. Buyer Warranties:** Buyer warrants that Buyer has disclosed to Seller any information that may materially and adversely affect
208. Buyer's ability to close escrow or complete the obligations of this Contract. At the earlier of possession of the Premises or COE,
209. Buyer warrants to Seller that Buyer has conducted all desired independent inspections and investigations and accepts the Premises.
210. Buyer warrants that Buyer is not relying on any verbal representations concerning the Premises except disclosed as follows:
211. _____
212. _____

# 6. DUE DILIGENCE

**6a. 213. Inspection Period:** Buyer's Inspection Period shall be ten (10) days or _____15_____ days after Contract acceptance. During the
214. Inspection Period Buyer, at Buyer's expense, shall: (i) conduct all desired physical, environmental, and other types of inspections
215. and investigations to determine the value and condition of the Premises; (ii) make inquiries and consult government agencies,
216. lenders, insurance agents, architects, and other appropriate persons and entities concerning the suitability of the Premises and
217. the surrounding area; (iii) investigate applicable building, zoning, fire, health, and safety codes to determine any potential hazards,
218. violations or defects in the Premises; and (iv) verify any material multiple listing service ("MLS") information. If the presence of
219. sex offenders in the vicinity or the occurrence of a disease, natural death, suicide, homicide or other crime on or in the vicinity is
220. a material matter to Buyer, it must be investigated by Buyer during the Inspection Period. Buyer shall keep the Premises free and
221. clear of liens, shall indemnify and hold Seller harmless from all liability, claims, demands, damages, and costs, and shall repair all
222. damages arising from the inspections. Buyer shall provide Seller and Broker(s) upon receipt, at no cost, copies of all inspection
223. reports concerning the Premises obtained by Buyer. Buyer is advised to consult the Arizona Department of Real Estate *Buyer*
224. *Advisory* to assist in Buyer's due diligence inspections and investigations.

**6b. 225. Square Footage: BUYER IS AWARE THAT ANY REFERENCE TO THE SQUARE FOOTAGE OF THE PREMISES, BOTH THE**
226. **REAL PROPERTY (LAND) AND IMPROVEMENTS THEREON, IS APPROXIMATE. IF SQUARE FOOTAGE IS A MATERIAL**
227. **MATTER TO BUYER, IT MUST BE INVESTIGATED DURING THE INSPECTION PERIOD.**

**6c. 228. Wood-Destroying Organism or Insect Inspection: IF CURRENT OR PAST WOOD-DESTROYING ORGANISMS OR INSECTS**
229. **(SUCH AS TERMITES) ARE A MATERIAL MATTER TO BUYER, THESE ISSUES MUST BE INVESTIGATED DURING THE**
230. **INSPECTION PERIOD.** Buyer shall order and pay for all wood-destroying organism or insect inspections performed during the
231. Inspection Period. If the lender requires an updated Wood-Destroying Organism or Insect Inspection Report prior to COE, it will be
232. performed at Buyer's expense.

**6d. 233. Flood Hazard: FLOOD HAZARD DESIGNATIONS OR THE COST OF FLOOD HAZARD INSURANCE SHALL BE**
234. **DETERMINED BY BUYER DURING THE INSPECTION PERIOD.** If the Premises are situated in an area identified as having
235. any special flood hazards by any governmental entity, **THE LENDER MAY REQUIRE THE PURCHASE OF FLOOD HAZARD**
236. **INSURANCE.** Special flood hazards may also affect the ability to insure or improve the Premises.          >>

Copyright © 2020 Arizona Association of REALTORS®. All rights reserved.

| SELLER | SELLER | <Initials | Initials> | BUYER | BUYER |

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 46026   www.zipLogix.com

Whitaker

Electronically Signed using eSignOnline™ [ Session ID : 623f0a14-f72b-4074-a446-bedf5f48a1ba ]

**6e. 237. Insurance: IF HOMEOWNER'S INSURANCE IS A MATERIAL MATTER TO BUYER, BUYER SHALL APPLY FOR AND**
238. **OBTAIN WRITTEN CONFIRMATION OF THE AVAILABILITY AND COST OF HOMEOWNER'S INSURANCE FOR THE**
239. **PREMISES FROM BUYER'S INSURANCE COMPANY DURING THE INSPECTION PERIOD.** Buyer understands that any
240. homeowner's, fire, casualty, flood or other insurance desired by Buyer or required by lender should be in place at COE.

**6f. 241. Sewer or On-site Wastewater Treatment System:** The Premises are connected to a:

242. [x] sewer system    [ ] conventional septic system    [ ] alternative system

243. **IF A SEWER CONNECTION IS A MATERIAL MATTER TO BUYER, IT MUST BE INVESTIGATED DURING THE INSPECTION**
244. **PERIOD.** If the Premises are served by a conventional septic or alternative system, the AAR On-site Wastewater Treatment Facility
245. Addendum is incorporated herein by reference.

246.                                            **(BUYER'S INITIALS REQUIRED)** [____] [____]
                                                                              BUYER  BUYER

**6g. 247. Swimming Pool Barrier Regulations:** During the Inspection Period, Buyer agrees to investigate all applicable state, county, and
248. municipal Swimming Pool barrier regulations and agrees to comply with and pay all costs of compliance with said regulations prior to
249. occupying the Premises, unless otherwise agreed in writing. If the Premises contains a Swimming Pool, Buyer acknowledges receipt
250. of the Arizona Department of Health Services approved private pool safety notice.

251.                                            **(BUYER'S INITIALS REQUIRED)** [____] [____]
                                                                              BUYER  BUYER

**6h. 252. BUYER ACKNOWLEDGMENT: BUYER RECOGNIZES, ACKNOWLEDGES, AND AGREES THAT BROKER(S) ARE NOT**
253. **QUALIFIED, NOR LICENSED, TO CONDUCT DUE DILIGENCE WITH RESPECT TO THE PREMISES OR THE SURROUNDING**
254. **AREA. BUYER IS INSTRUCTED TO CONSULT WITH QUALIFIED LICENSED PROFESSIONALS TO ASSIST IN BUYER'S**
255. **DUE DILIGENCE EFFORTS. BECAUSE CONDUCTING DUE DILIGENCE WITH RESPECT TO THE PREMISES AND THE**
256. **SURROUNDING AREA IS BEYOND THE SCOPE OF THE BROKER'S EXPERTISE AND LICENSING, BUYER EXPRESSLY**
257. **RELEASES AND HOLDS HARMLESS BROKER(S) FROM LIABILITY FOR ANY DEFECTS OR CONDITIONS THAT COULD**
258. **HAVE BEEN DISCOVERED BY INSPECTION OR INVESTIGATION.**

259.                                            **(BUYER'S INITIALS REQUIRED)** [____] [____]
                                                                              BUYER  BUYER

**6i. 260. Inspection Period Notice:** Prior to expiration of the Inspection Period, Buyer shall deliver to Seller a signed notice of any items
261. disapproved. AAR's Buyer's Inspection Notice and Seller's Response form is available for this purpose. Buyer shall conduct all
262. desired inspections and investigations prior to delivering such notice to Seller and all Inspection Period items disapproved shall be
263. provided in a single notice.

**6j. 264. Buyer Disapproval:** If Buyer, in Buyer's sole discretion, disapproves of items as allowed herein, Buyer shall deliver to Seller a
265. signed notice of the items disapproved and state in the notice that Buyer elects to either:

266.     (1)    Immediately cancel this Contract, in which case:

267.            (a) If Buyer's notice specifies disapproval of items as allowed herein, the Earnest Money shall be released to Buyer.

268.            (b) If Buyer's notice fails to specify items disapproved as allowed herein, the cancellation will remain in effect but Buyer has
269.                failed to comply with a provision of this Contract and Seller may deliver to Buyer a cure notice as required by Section 7a.
270.                If Buyer fails to cure their non-compliance within three (3) days after delivery of such notice, Buyer shall be in breach and
271.                Seller shall be entitled to the Earnest Money. If, prior to expiration of the Cure Period, Buyer delivers notice specifying
272.                items disapproved as allowed herein, Buyer shall be entitled to a return of the Earnest Money.

273. **OR**

274.     (2)    Provide Seller an opportunity to correct the items disapproved, in which case:

275.            (a) Seller shall respond in writing within five (5) days or _____ days after delivery to Seller of Buyer's notice of items
276.                disapproved. Seller's failure to respond to Buyer in writing within the specified time period shall conclusively be deemed
277.                Seller's refusal to correct any of the items disapproved.

278.            (b) If Seller agrees in writing to correct items disapproved, Seller shall correct the items, complete any repairs in a
279.                workmanlike manner and deliver any paid receipts evidencing the corrections and repairs to Buyer three (3) days
280.                or _____ days prior to COE Date.

281.            (c) If Seller is unwilling or unable to correct any of the items disapproved, Buyer may cancel this Contract within five (5) days
282.                after delivery of Seller's response or after expiration of the time for Seller's response, whichever occurs first, and the
283.                Earnest Money shall be released to Buyer. If Buyer does not cancel this Contract within the five (5) days as provided,
284.                Buyer shall close escrow without correction of those items that Seller has not agreed in writing to correct.

285. VERBAL DISCUSSIONS WILL NOT EXTEND THESE TIME PERIODS. Only a written agreement signed by both parties will extend
286. response times or cancellation rights.

287. **BUYER'S FAILURE TO GIVE NOTICE OF DISAPPROVAL OF ITEMS OR CANCELLATION OF THIS CONTRACT WITHIN**
288. **THE SPECIFIED TIME PERIOD SHALL CONCLUSIVELY BE DEEMED BUYER'S ELECTION TO PROCEED WITH THE**
289. **TRANSACTION WITHOUT CORRECTION OF ANY DISAPPROVED ITEMS.**                                    **>>**

*Residential Resale Real Estate Purchase Contract* • Updated: February 2020
Copyright © 2020 Arizona Association of REALTORS®. All rights reserved.

[SWV] <Initials                                            Initials> [____] [____]
SELLER  SELLER                                                        BUYER  BUYER

Page 6 of 10

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.ziploqix.com

Whitaker

**6k.** 290. **Home Warranty Plan:** Buyer and Seller are advised to investigate the various home warranty plans available for purchase. The
291. parties acknowledge that different home warranty plans have different coverage options, exclusions, limitations, service fees and
292. most plans exclude pre-existing conditions.

293. ☐ A Home Warranty Plan will be ordered by ☐ Buyer or ☐ Seller with the following optional coverage
294. _____ , to be issued by _____ at a cost
295. not to exceed $ _____ , to be paid for by ☐ Buyer  ☐ Seller  ☐ Split evenly between Buyer and Seller
296. ☒ Buyer declines the purchase of a Home Warranty Plan.
297.                                                      **(BUYER'S INITIALS REQUIRED)** [initials] [initials]
                                                                                    BUYER        BUYER

**6l.** 288. **Walkthrough(s):** Seller grants Buyer and Buyer's inspector(s) reasonable access to conduct walkthrough(s) of the Premises for
299. the purpose of satisfying Buyer that any corrections or repairs agreed to by Seller have been completed, and the Premises are
300. in substantially the same condition as of the date of Contract acceptance. If Buyer does not conduct such walkthrough(s), Buyer
301. releases Seller and Broker(s) from liability for any defects that could have been discovered.

**6m.** 302. **Seller's Responsibility Regarding Inspections and Walkthrough(s):** Seller shall make the Premises available for all inspections
303. and walkthrough(s) upon reasonable notice by Buyer. Seller shall, at Seller's expense, have all utilities on, including any propane,
304. until COE to enable Buyer to conduct these inspections and walkthrough(s).

**6n.** 305. **IRS and FIRPTA Reporting:** The Foreign Investment in Real Property Tax Act ("FIRPTA") provides that, if a seller is a Foreign
306. Person, a buyer of residential real property must withhold federal income taxes up to 15% of the purchase price, unless an exception
307. applies. If FIRPTA is applicable and Buyer fails to withhold, Buyer may be held liable for the tax. Buyer agrees to perform any acts
308. reasonable or necessary to comply with FIRPTA and IRS reporting requirements and Buyer is responsible for obtaining independent
309. legal and tax advice.

# 7. REMEDIES

**7a.** 310. **Cure Period:** A party shall have an opportunity to cure a potential breach of this Contract. If a party fails to comply with any
311. provision of this Contract, the other party shall deliver a notice to the non-complying party specifying the non-compliance. If the
312. non-compliance is not cured within three (3) days after delivery of such notice ("Cure Period"), the failure to comply shall become a
313. breach of Contract. If Escrow Company or recorder's office is closed on the last day of the Cure Period, and COE must occur
314. to cure a potential breach, COE shall occur on the next day that both are open for business.

**7b.** 315. **Breach:** In the event of a breach of Contract, the non-breaching party may cancel this Contract and/or proceed against the
316. breaching party in any claim or remedy that the non-breaching party may have in law or equity, subject to the Alternative Dispute
317. Resolution obligations set forth herein. In the case of the Seller, because it would be difficult to fix actual damages in the event of
318. Buyer's breach, the Earnest Money may be deemed a reasonable estimate of damages and Seller may, at Seller's option, accept
319. the Earnest Money as Seller's sole right to damages; and in the event of Buyer's breach arising from Buyer's failure to deliver the
320. notice required by Section 2b, or Buyer's inability to obtain loan approval due to the waiver of the appraisal contingency pursuant
321. to Section 2l, Seller shall exercise this option and accept the Earnest Money as Seller's sole right to damages. An unfulfilled
322. contingency is not a breach of Contract. The parties expressly agree that the failure of any party to comply with the terms and
323. conditions of Section 1d to allow COE to occur on the COE Date, if not cured after a cure notice is delivered pursuant to Section 7a,
324. will constitute a material breach of this Contract, rendering the Contract subject to cancellation.

**7c.** 325. **Alternative Dispute Resolution ("ADR"):** Buyer and Seller agree to mediate any dispute or claim arising out of or relating to this
326. Contract in accordance with the REALTORS® Dispute Resolution System, or as otherwise agreed. All mediation costs shall be paid
327. equally by the parties. In the event that mediation does not resolve all disputes or claims, the unresolved disputes or claims shall
328. be submitted for binding arbitration. In such event, the parties shall agree upon an arbitrator and cooperate in the scheduling of
329. an arbitration hearing. If the parties are unable to agree on an arbitrator, the dispute shall be submitted to the American Arbitration
330. Association ("AAA") in accordance with the AAA Arbitration Rules for the Real Estate Industry. The decision of the arbitrator shall be
331. final and nonappealable. Judgment on the award rendered by the arbitrator may be entered in any court of competent jurisdiction.
332. Notwithstanding the foregoing, either party may opt out of binding arbitration within thirty (30) days after the conclusion of the
333. mediation conference by notice to the other and, in such event, either party shall have the right to resort to court action.

**7d.** 334. **Exclusions from ADR:** The following matters are excluded from the requirement for ADR hereunder: (i) any action brought in the
335. Small Claims Division of an Arizona Justice Court (up to $3,500) so long as the matter is not thereafter transferred or removed from
336. the small claims division; (ii) judicial or nonjudicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage, or
337. agreement for sale; (iii) an unlawful entry or detainer action; (iv) the filing or enforcement of a mechanic's lien; or (v) any matter that
338. is within the jurisdiction of a probate court. Further, the filing of a judicial action to enable the recording of a notice of pending action
339. ("lis pendens"), or order of attachment, receivership, injunction, or other provisional remedies shall not constitute a waiver of the
340. obligation to submit the claim to ADR, nor shall such action constitute a breach of the duty to mediate or arbitrate.

**7e.** 341. **Attorney Fees and Costs:** The prevailing party in any dispute or claim between Buyer and Seller arising out of or relating to this
342. Contract shall be awarded their reasonable attorney fees and costs. Costs shall include, without limitation, attorney fees, expert
343. witness fees, fees paid to investigators, and arbitration costs.

>>

Case 2:20-bk-02088-EPB   Doc 202   Filed 08/25/21   Entered 08/25/21 10:54:23   Desc
Electronically Signed using eSignOnline™ | Session ID : 823f0a14-f72b-4074-a446-bedf...   Main Document   Page 12 of 27

## 8. ADDITIONAL TERMS AND CONDITIONS

8a. 344. **This purchase is contingent on the sale of 22342 N 76th Place Scottsdale , AZ**
345. **85255.**
346. _____
347. **Buyer will list their home for sale within 48 hours of contract acceptance.**
348. _____
349. _____
350. _____
351. _____
352. _____
353. _____
354. _____
355. _____
356. _____
357. _____
358. _____
359. _____
360. _____
361. _____
362. _____
363. _____
364. _____
365. _____
366. _____
367. _____
368. _____
369. _____
370. _____
371. _____
372. _____
373. _____
374. _____
375. _____
376. _____
377. _____
378. _____
379. _____
380. _____
381. _____
382. _____
383. _____
384. _____
385. _____
386. _____
387. _____
388. _____
389. _____

>>

Residential Resale Real Estate Purchase Contract • Updated: February 2020
Copyright © 2020 Arizona Association of REALTORS®. All rights reserved.

<Initials

Initials>

Page 8 of 10

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com

SELLER   SELLER

BUYER   BUYER

Whitaker

Electronically Signed using eSignOnline™ | Session ID : 623f0a14-f72b-4074-a446-be6fb9ea1d1f

DocuSign Envelope ID: 70211297-341A-4414-BFED-08DCEF947132

*Residential Resale Real Estate Purchase Contract* **>>**

**8b.** 390. **Risk of Loss:** If there is any loss or damage to the Premises between the date of Contract acceptance and COE or possession,
391. whichever is earlier, by reason of fire, vandalism, flood, earthquake, or act of God, the risk of loss shall be on Seller, provided,
392. however, that if the cost of repairing such loss or damage would exceed ten percent (10%) of the purchase price, either Seller or
393. Buyer may elect to cancel the Contract.

**8c.** 394. **Permission:** Buyer and Seller grant Broker(s) permission to advise the public of this Contract.

**8d.** 395. **Arizona Law:** This Contract shall be governed by Arizona law and jurisdiction is exclusively conferred on the State of Arizona.

**8e.** 396. **Time is the Essence:** The parties acknowledge that time is of the essence in the performance of the obligations described
397. herein.

**8f.** 398. **Compensation:** Seller and Buyer acknowledge that Broker(s) shall be compensated for services rendered as previously agreed by
399. separate written agreement(s), which shall be delivered by Broker(s) to Escrow Company for payment at COE, if not previously paid.
400. If Seller is obligated to pay Broker(s), this Contract shall constitute an irrevocable assignment of Seller's proceeds at COE. If Buyer
401. is obligated to pay Broker(s), payment shall be collected from Buyer as a condition of COE. COMMISSIONS PAYABLE FOR THE
402. SALE, LEASING, OR MANAGEMENT OF PROPERTY ARE NOT SET BY ANY BOARD OR ASSOCIATION OF REALTORS®, OR
403. MULTIPLE LISTING SERVICE, OR IN ANY MANNER OTHER THAN BETWEEN BROKER AND CLIENT.

**8g.** 404. **Copies and Counterparts:** A fully executed facsimile or electronic copy of the Contract shall be treated as an original Contract.
405. This Contract and any other documents required by this Contract may be executed by facsimile or other electronic means and in any
406. number of counterparts, which shall become effective upon delivery as provided for herein, except that the Disclosure of Information
407. on Lead-Based Paint and Lead-Based Paint Hazards may not be signed in counterpart. All counterparts shall be deemed to
408. constitute one instrument, and each counterpart shall be deemed an original.

**8h.** 409. **Days:** All references to days in this Contract shall be construed as calendar days and a day shall begin at 12:00 a.m. and
410. end at 11:59 p.m.

**8i.** 411. **Calculating Time Periods:** In computing any time period prescribed or allowed by this Contract, the day of the act or event from
412. which the time period begins to run is not included and the last day of the time period is included. Contract acceptance occurs on the
413. date that the signed Contract (and any incorporated counter offer) is delivered to and received by the appropriate Broker. Acts that
414. must be performed three (3) days prior to the COE Date must be performed three (3) full days prior (i.e. – if the COE Date is Friday
415. the act must be performed by 11:59 p.m. on Monday).

**8j.** 416. **Entire Agreement:** This Contract, and any addenda and attachments, shall constitute the entire agreement between Seller and
417. Buyer, shall supersede any other written or oral agreements between Seller and Buyer and can be modified only by a writing signed
418. by Seller and Buyer. The failure to initial any page of this Contract shall not affect the validity or terms of this Contract.

**8k.** 419. **Subsequent Offers:** Buyer acknowledges that Seller has the right to accept subsequent offers until COE. Seller understands that
420. any subsequent offer accepted by Seller must be a backup offer contingent on the cancellation of this Contract.

**8l.** 421. **Cancellation:** A party who wishes to exercise the right of cancellation as allowed herein may cancel this Contract by delivering
422. notice stating the reason for cancellation to the other party or to Escrow Company. Cancellation shall become effective immediately
423. upon delivery of the cancellation notice.

**8m.** 424. **Notice:** Unless otherwise provided, delivery of all notices and documentation required or permitted hereunder shall be in writing
425. and deemed delivered and received when: (i) hand-delivered; (ii) sent via facsimile transmission; (iii) sent via electronic mail, if email
426. addresses are provided herein; or (iv) sent by recognized overnight courier service, and addressed to Buyer as indicated in
427. Section 8q, to Seller as indicated in Section 9a and to the Escrow Company indicated in Section 3a.

**8n.** 428. **Release of Broker(s):** Seller and Buyer hereby expressly release, hold harmless and indemnify Broker(s) in this
429. transaction from any and all liability and responsibility regarding financing, the condition, square footage, lot lines,
430. boundaries, value, rent rolls, environmental problems, sanitation systems, roof, wood infestation, building codes,
431. governmental regulations, insurance, price and terms of sale, return on investment or any other matter relating to the value
432. or condition of the Premises. The parties understand and agree that the Broker(s) do not provide advice on property as an
433. investment and are not qualified to provide financial, legal, or tax advice regarding this real estate transaction.
434. **(SELLER'S INITIALS REQUIRED)** _SS_                     **(BUYER'S INITIALS REQUIRED)** _m_     _bcD_
            SELLER         SELLER                                    BUYER          BUYER

**8o.** 435. **Terms of Acceptance:** This offer will become a binding Contract when acceptance is signed by Seller and a signed copy delivered
436. in person, by mail, facsimile or electronically, and received by Broker named in Section 8q
437. by _____**August 20**_____, **2021** at _____**5**_____ ☐ a.m./☒ p.m., Mountain Standard Time.
438. Buyer may withdraw this offer at any time prior to receipt of Seller's signed acceptance. If no signed acceptance is received by this
439. date and time, this offer shall be deemed withdrawn and the Buyer's Earnest Money shall be returned.

**8p.** 440. THIS CONTRACT CONTAINS TEN (10) PAGES EXCLUSIVE OF ANY ADDENDA AND ATTACHMENTS. PLEASE ENSURE
441. THAT YOU HAVE RECEIVED AND READ ALL TEN (10) PAGES OF THIS OFFER AS WELL AS ANY ADDENDA AND
442. ATTACHMENTS.

**>>**

|  |  | Residential Resale Real Estate Purchase Contract • Updated: February 2020 |  |  |
| SELLER | SELLER | Copyright © 2020 Arizona Association of REALTORS®. All rights reserved. <Initials> | Initials> | BUYER | BUYER |

Page 9 of 10

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com

Whitaker

Electronically Signed using eSignOnline™ | Session ID : 623/0a14-f72b-4074-a446-bec...

**8q. 443. Broker on behalf of Buyer:**

444. Lee Courtney                                    LC 151            SA531956000
PRINT AGENT'S NAME                                   AGENT MLS CODE    AGENT STATE LICENSE NO.

445. _____                     _____  _____
PRINT AGENT'S NAME                                   AGENT MLS CODE    AGENT STATE LICENSE NO.

446. West USA Realty                                                   WUSA001
PRINT FIRM NAME                                                        FIRM MLS CODE

447. 7047 E Greenway Pkwy #180          Scottsdale        AZ  85254    CO001154001
FIRM ADDRESS                                             STATE ZIP CODE FIRM STATE LICENSE NO.

448. 480-296-5922                       leec40@aol.com
PREFERRED TELEPHONE     FAX             EMAIL

**8r. 449. Agency Confirmation:** Broker named in Section 8q above is the agent of (check one):

450. ☒ Buyer; ☐ Seller; or ☐ both Buyer and Seller

**8s. 451.** The undersigned agree to purchase the Premises on the terms and conditions herein stated and acknowledge receipt of
452. a copy hereof including the Buyer Attachment.

453. *Richard Whitaker*        8/17/2021        *Barbara Gail Whitaker*    8/17/2021
^ BUYER'S SIGNATURE            MO/DA/YR         ^ BUYER'S SIGNATURE         MO/DA/YR

454. Richard A Whitaker                        Barbara G Whitaker
^ BUYER'S NAME PRINTED                         ^ BUYER'S NAME PRINTED

455. _____               _____
ADDRESS                                        ADDRESS

456. _____               _____
CITY, STATE, ZIP CODE                          CITY, STATE, ZIP CODE

# 9. SELLER ACCEPTANCE

**9a. 457. Broker on behalf of Seller:**

458. Constance White                           CW273             SA558321000
PRINT AGENT'S NAME                             AGENT MLS CODE     AGENT STATE LICENSE NO.

459. _____               _____  _____
PRINT AGENT'S NAME                             AGENT MLS CODE     AGENT STATE LICENSE NO.

460. Home Smart                                                  CRI102
PRINT FIRM NAME                                                  FIRM MLS CODE

461. _____                        _____ _____
FIRM ADDRESS                                            STATE ZIP CODE  FIRM STATE LICENSE NO.

462. (602) 653-9722                            conniewhite@hsmove.com
PREFERRED TELEPHONE     FAX                    EMAIL

**9b. 463. Agency Confirmation:** Broker named in Section 9a above is the agent of (check one):

464. ☒ Seller; or ☐ both Buyer and Seller

**9c. 465.** The undersigned agree to sell the Premises on the terms and conditions herein stated, acknowledge receipt of a
466. copy hereof and grant permission to Broker named on Section 9a to deliver a copy to Buyer.

467. ☒ Counter Offer is attached, and is incorporated herein by reference. Seller must sign and deliver both this offer and the Counter
468. Offer. If there is a conflict between this offer and the Counter Offer, the provisions of the Counter Offer shall be controlling.

469. *Susan Simpson*           08/19/2021        _____
^ SELLER'S SIGNATURE           MO/DA/YR         ^ SELLER'S SIGNATURE          MO/DA/YR

470. Susan K Simpson                            _____
^ SELLER'S NAME PRINTED                         ^ SELLER'S NAME PRINTED

471. _____               _____
ADDRESS                                        ADDRESS

472. _____               _____
CITY, STATE, ZIP CODE                          CITY, STATE, ZIP CODE

473. ☐ OFFER REJECTED BY SELLER:
    _____
    MONTH        DAY        YEAR        (SELLER'S INITIALS)

For Broker Use Only:

Brokerage File/Log No. _____  Manager's Initials _____  Broker's Initials _____  Date _____
                                                                                         MO/DA/YR



Case 2:20-bk-02088-EPB    Doc 202    Filed 08/25/21    Entered 08/25/21 10:54:23    Desc
Main Document    Page 15 of 27

Electronically Signed using eSignOnline™ [ Session ID : 623f0a14-f72b-4074-a446-bed36fbea161 ]

DocuSign Envelope ID: 70211297-341A-4414-BFED-08DCEF947132

HOMESMART

# ADDENDUM __1__

Document updated·
June 1993



The pre-printed portion of this form has been drafted by the Arizona Association of REALTORS®. Any change in the pre-printed language of this form must be made in a prominent manner. No representations are made as to the legal validity, adequacy and/or effects of any provision, including tax consequences thereof. If you desire legal, tax or other professional advice, please consult your attorney, tax advisor or professional consultant.

 

1. This is an addendum originated by the: ☒ Seller ☐ Buyer ☐ Landlord ☐ Tenant.
2. This is an addendum to the Contract dated _____ 8/17/2021 _____ between the following Parties:
   MO/DA/YR
3. Seller/Landlord: Susan K Simpson
4. Buyer/Tenant: Richard A.Whitaker, Barbara G Whitaker
5. Premises: 5320 E Thunder Hawk Rd, Cave Creek, AZ  85331-5594
6. The following additional terms and conditions are hereby included as a part of the Contract between Seller and Buyer for the above referenced Premises:
7. Seller and Buyer acknowledge that this contract is subject to court approval. If the
8. court does not approve this contract/sale, the contract shall be null and void.
9. 
10. Seller has the right to extend the closing date up to an additional 30 days if
11. necessary to allow for timely court approval.
12. 
13. 
14. 
15. 
16. 
17. 
18. 
19. 
20. 
21. 
22. 
23. 
24. 
25. 
26. 
27. 
28. 
29. 
30. 
31. 
32. 
33. 
34. 
35. 
36. 
37. 
38. 
39. 
40. 
41. 
42. The undersigned agrees to the additional terms and conditions and acknowledges receipt of a copy hereof.
43. *Susan Simpson*                    08/19/2021
44. ☒ Seller ☐ Buyer     X̶X̶X̶/̶X̶X̶/̶X̶X̶X̶X̶          ☐ Seller ☐ Buyer                    MO/DA/YR
                           MO/DA/YR
45. ☐ Landlord ☐ Tenant                           ☐ Landlord ☐ Tenant
46. *Richard Whitaker*          8/17/2021          *Barbara Gail Whitaker*          8/17/2021
47. ☐ Seller ☐ Buyer          MO/DA/YR            ☐ Seller ☐ Buyer                   MO/DA/YR
48. ☐ Landlord ☐ Tenant                           ☐ Landlord ☐ Tenant

49. For Broker Use Only:
    Brokerage File/Log No. _____ Manager's Initials _____ Broker's Initials _____ Date _____
                                                                                                MO/DA/YR

Addendum • Updated: June 1993 • Copyright © 1993 Arizona Association of REALTORS®. All rights reserved.

HOMESMART, 10601 N Hayden Rd Scottsdale AZ 85260
Phone: 602-653-9722          Fax: 602-749-6290          Connie White                    5320 W Thunder
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.ziplogix.com



Electronically Signed using eSignOnline™ | Session ID : 623f0a14-f72b-4074-a446-bed50afae524 |

West USA Realty

# ADDENDUM 

Document updated. June 1993

 

ARIZONA
Association of
REALTORS®
© REAL SOLUTIONS. REALTOR® SUCCESS

The pre-printed portion of this form has been drafted by the Arizona Association of REALTORS®. Any change in the pre-printed language of this form must be made in a prominent manner. No representations are made as to the legal validity, adequacy and/or effects of any provision, including tax consequences thereof. If you desire legal, tax or other professional advice, please consult your attorney, tax advisor or professional consultant.

REALTOR®

1. This is an addendum originated by the: ☐ Seller ☒ Buyer ☐ Landlord ☐ Tenant.
2. This is an addendum to the Contract dated _8/17/2021_ between the following Parties:
                                                        MO/DA/YR
3. Seller/Landlord: Susan K Simpson
4. Buyer/Tenant: Richard A Whitaker, Barbara G Whitaker
5. Premises: 5320 E Thunder Hawk Rd, Cave Creek, 85331
6. The following additional terms and conditions are hereby included as a part of the Contract between Seller and Buyer for the above referenced Premises:

7. _Sales price to be $754,000_
8.
9.
10. _#OR Line 76 marked buyer_
11.
12.
13. _Water filteration and R/O do not convey_
14.
15.
16.
17.
18.
19.
20.
21.
22.
23.
24.
25.
26.
27.
28.
29.
30.
31.
32.
33.
34.
35.
36.
37.
38.
39.
40.
41.

42. The undersigned agrees to the additional terms and conditions and acknowledges receipt of a copy hereof.

43. _Richard A. Whitaker_                          _Barbara H. Whitaker_
44. ☐ Seller ☒ Buyer          MO/DA/YR          ☐ Seller ☒ Buyer          MO/DA/YR
45. ☐ Landlord ☐ Tenant                          ☐ Landlord ☐ Tenant

46. _Susan Simpson_          08/19/2021
47. ☒ Seller ☐ Buyer          MO/DA/YR          ☐ Seller ☐ Buyer          MO/DA/YR
48. ☐ Landlord ☐ Tenant                          ☐ Landlord ☐ Tenant

49. For Broker Use Only:
    Brokerage File/Log No. _____ Manager's Initials _____ Broker's Initials _____ Date _____
                                                                                            MO/DA/YR

Addendum • Updated: June 1993 • Copyright © 1993 Arizona Association of REALTORS®. All rights reserved.
West USA Realty, 7047 E Greenway Pkwy #180 Scottsdale AZ 85254
Phone: 480-296-5922          Fax:          Lee Courtney
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com          Whitaker



Electronically Signed using eSignOnline™ | Session ID : 623f0a14-f72b-4074-a446-bedf...

 **HOMESMART**

# MULTIPLE COUNTER OFFER

Document updated:
February 2017

ARIZONA
association of
REALTORS®

"REAL SOLUTIONS. REALTOR® SUCCESS."

The pre-printed portion of this form has been drafted by the Arizona Association of REALTORS®. Any change in the pre-printed language of this form must be made in a prominent manner. No representations are made as to the legal validity, adequacy and/or effects of any provision, including tax consequences thereof. If you desire legal, tax or other professional advice, please consult your attorney, tax advisor or professional consultant.

 

1. This is a Multiple Counter Offer originated by Seller to the:

2. ☒ Offer  ☐ Counter Offer dated _____ **August 17, 2021** _____ between the following Parties:

3. Seller: <u>Susan K Simpson</u>

4. Buyer: <u>Richard A Whitaker, Barbara G Whitaker</u>

5. Premises Address: <u>5320 E Thunder Hawk Rd, Cave Creek, AZ  85331-5594</u>

6. Acceptance of the above Offer and/or Counter Offer is contingent upon agreement to the following:

7. Seller is making one or more counter offer(s) to other prospective buyers on terms that may or may not be the same
8. as contained herein. Acceptance of this Multiple Counter Offer by Buyer shall not be binding unless and until it is
9. subsequently finally accepted by Seller and the final acceptance is delivered per Section 8m of the Contract to Buyer's
10. Broker within the time specified ("Final Acceptance"). Until Final Acceptance, the parties understand that the Premises can
11. be sold to someone else and/or either party may withdraw any offer/counter offer to buy or sell the Premises.

12. <u>HOA Addendum Line 76 Capital Improvement Fees shall be paid by Buyer.</u>
13. <u>Home filtration system and RO do not convey with S-6.</u>
14.
15. <u>Please provide highest and best.</u>
16.
17. Unless acceptance of this Multiple Counter Offer is signed by Buyer and a signed copy delivered pursuant to Section 8m of the
18. Contract and received by Broker named in Contract Section 9a by <u>8/19/21</u> at <u>8</u> ☐ a.m. ☒ p.m., Mountain
19. Standard Time, this Multiple Counter Offer shall be considered withdrawn. Seller acknowledges receipt of a copy hereof.

20. Seller: <u>Susan K Simpson</u>  Date: <u>8/18/21</u>  Time: <u>6:05 PM</u>
    Susan K Simpson

21. Seller: _____  Date: _____  Time: _____

## ☒ BUYER RESPONSE

22. An additional counter/multiple counter offer is attached and is incorporated by reference.
23. Buyer should sign both this Multiple Counter Offer and the additional counter/multiple counter offer. If there is a conflict between this
24. Multiple Counter Offer and the additional counter/multiple counter offer, the provisions of the additional counter/multiple counter offer
25. shall be controlling.

26. Buyer: <u>Richard A. Whitaker</u>  Date: <u>8/19/21</u>  Time: <u>3:30 pm</u>
27. Buyer: <u>Barbara G. Whitaker</u>  Date: <u>8/19/21</u>  Time: <u>3:30 pm</u>

## ☐ BUYER ACCEPTANCE

28. Buyer agrees to the terms and conditions of this Multiple Counter Offer and acknowledges receipt of a copy hereof.
29. Unless final acceptance of this Multiple Counter Offer is signed by Seller and a signed copy delivered pursuant to Section 8m of the
30. Contract and received by Broker named in Contract Section 8q by _____ at _____ ☐ a.m. / ☐ p.m., Mountain
31. Standard Time, Buyer's acceptance shall be considered withdrawn.

32. Buyer: _____  Date: _____  Time: _____

33. Buyer: _____  Date: _____  Time: _____

Multiple Counter Offer • Updated: February 2017

Copyright © 2017 Arizona Association of REALTORS®. All rights reserved.

>>

PAGE 1 of 2

HOMESMART, 18601 N Hayden Rd Scottsdale AZ 85260
Connie White

Produced with zipForm® by zipLogix, 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com

Phone: 602-651-9722  Fax: 602-749-6290  5320 W Thunder

Electronically Signed using eSignOnline™ | Session ID : 6231f0a14-f72b-4074-a446-bedd95ea11d1

## ☐ SELLER RESPONSE

34. An additional counter/multiple counter offer is attached and is incorporated by reference.
35. Seller should sign both this Multiple Counter Offer and the additional counter/multiple counter offer. If there is a conflict between this
36. Multiple Counter Offer and the additional counter/multiple counter offer, the provisions of the additional counter/multiple counter offer
37. shall be controlling.

38. Seller: _____   Date: _____   Time: _____

39. Seller: _____   Date: _____   Time: _____

## ☒ SELLER FINAL ACCEPTANCE

40. Signature by Seller below and delivery to Buyer or Buyer's Broker as indicated above creates a binding agreement. Seller
41. revokes all other counter offers by separate notice and agrees to sell the Premises to Buyer subject to the terms and
42. conditions contained herein.

43. Seller: *Susan Simpson*   Date: 08/19/2021   Time: _____

44. Seller: _____   Date: _____   Time: _____

---

**For Broker Use Only:**

Brokerage File/Log No. _____   Manager's Initials _____   Broker's Initials _____   Date _____
MO/DA/YR

Multiple Counter Offer • Updated: February 2017
Copyright © 2017 Arizona Association of REALTORS®. All rights reserved.

**PAGE 2 of 2**

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com        5320 W Thunder



Electronically Signed using eSignOnline™ | Session ID : 623f0a14-f72b-4074-a448-bedff0bed1fb

# BUYER CONTINGENCY ADDENDUM

Document updated:
October 2018

**ARIZONA** association of **REALTORS®**
© REAL SOLUTIONS. REALTOR SUCCESS

*The pre-printed portion of this form has been drafted by the Arizona Association of REALTORS®. Any change in the pre-printed language of this form must be made in a prominent manner. No representations are made as to the legal validity, adequacy and/or effects of any provision, including tax consequences thereof. If you desire legal, tax or other professional advice, please consult your attorney, tax advisor or professional consultant.*

 

1. Seller: <u>Susan K Simpson</u>
2. Buyer: <u>Richard A Whitaker, Barbara G Whitaker</u>
3. Premises Address: <u>5320 E Thunder Hawk Rd, Cave Creek,</u>     85331
4. Date: <u>August 17, 2021</u>

5. The following additional terms and conditions are hereby included as a part of the Contract between Seller and Buyer for the above referenced
6. Premises if marked by an "X" and initialed by Seller and Buyer. The terms and conditions of the Contract are included herein by reference.

7. [X] **CONTINGENT UPON ACCEPTED OFFER FOR BUYER'S PROPERTY:**
8. This Contract is contingent on Buyer accepting an offer to purchase Buyer's real property ("Accepted Offer") located at:
9. <u>22342 N 76th Place Scottsdale, AZ 85255</u>
10. ("Buyer's Property") no later than ___<u>September 24, 2021</u>___ . If Buyer does not accept an offer on Buyer's Property by the date set
    <span style="font-size:small">MO/DA/YR</span>
11. forth on line 10, this Contract shall be deemed cancelled and the Earnest Money shall be released to Buyer.

12. **ACCEPTED OFFER FOR BUYER'S PROPERTY:** If Buyer accepts an offer on Buyer's Property by the date set forth on line 10, Buyer
13. shall deliver the Accepted Offer documents described on lines 67-72 to Seller for Seller's review within three (3) days or _____ days
14. of execution of the Accepted Offer.

15. If Buyer accepts an offer on Buyer's Property, yet fails to deliver the Accepted Offer documents to Seller within the time frame set forth
16. on line 13, Seller may issue a cure notice to Buyer as required by Section 7a of this Contract and, in the event of Buyer's breach,
17. Seller shall be entitled to the Earnest Money pursuant to Section 7b of this Contract.

18. Seller may, within three (3) days of receipt of the Accepted Offer documents, cancel this Contract and the Earnest Money shall be
19. released to Buyer.

20. **BUYER'S CONTINGENCY:** If Seller does not cancel this Contract within three (3) days of receipt of the Accepted Offer documents, this
21. Contract shall become contingent upon the closing of the pending sale of Buyer's Property by _____.
    <span style="font-size:small">MO/DA/YR</span>
22. If the pending sale of Buyer's Property does not close escrow by this date, this Contract shall be deemed cancelled and the Earnest
23. Money shall be released to Buyer.

24. **CANCELLATION OF ACCEPTED OFFER FOR BUYER'S PROPERTY:** If Buyer's Accepted Offer cancels for any reason,
25. Buyer shall deliver notice to Seller within three (3) days of Buyer's receipt of cancellation and provide evidence of cancellation.
26. Notice to Seller shall state Buyer's election to either:

27. 1. Immediately cancel this Contract and all Earnest Money shall be released to Buyer; or
28. 2. Proceed with this Contract by removing this Buyer Contingency and provide: (i) written documentation from Buyer's
29. Lender that Buyer can close escrow by the COE Date without the sale and closing of Buyer's Property; or (ii) if this is an all
30. cash sale, evidence of Buyer's financial ability to close escrow by the COE Date without the sale and closing of Buyer's Property.

31. If Buyer elects to waive this Buyer Contingency and proceed with this Contract, Seller and Buyer agree that all other contingencies shall
32. remain.

33. **SELLER'S ACCEPTANCE OF BACK-UP CONTRACT:** If Seller accepts a subsequent offer (Back-up Contract) to purchase the
34. Premises before Buyer has delivered to Seller the Accepted Offer documents, Seller may deliver written notice to Buyer informing Buyer
35. of the Back-Up Contract. Upon receipt of Seller's notice, Buyer shall have three (3) days or _____ days to deliver to Seller a written
36. notice to remove this Buyer Contingency. Such notice from Buyer shall include: (i) written documentation from Buyer's Lender that
37. Buyer can close escrow by the COE Date without the sale and closing of Buyer's Property; or (ii) if this is an all cash sale, evidence of
38. Buyer's financial ability to close escrow by the COE Date without the sale and closing of Buyer's Property. If Buyer fails to timely waive
39. this Buyer Contingency, this Contract shall be deemed cancelled and the Earnest Money shall be released to Buyer.

40. If Buyer elects to waive this Buyer Contingency and proceed with this Contract, Seller and Buyer agree that all other contingencies shall
41. remain.

>>

West USA Realty, 7047 E Greenway Pkwy #180 Scottsdale AZ 85254
Phone: 480-296-5922     Fax:     Lee Courtney

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.ziplogix.com     Whitaker



Case 2:20-bk-02088-EPB   Doc 202   Filed 08/25/21   Entered 08/25/21 10:54:23   Desc
Main Document   Page 20 of 27

Electronically Signed using eSignOnline™ | Session ID : 623f0a14-f72b-4074-a448-bedf…

42. **TIME PERIODS:** The date of Contract acceptance for purposes of all applicable Contract time periods, excluding opening of escrow
43. and deposit of Earnest Money, shall be deemed to be:

44. ☒ The date that the signed Contract (and any incorporated counter offer) is delivered to and received by the appropriate Broker as
45. indicated in Section 8i of this Contract; or
46. ☐ Three (3) days after Seller's receipt of Buyer's Accepted Offer documents, provided that Seller does not cancel this Contract prior
47. to expiration of the three (3) day period as permitted in lines 18-19.

48. If lines 7-47 apply: **BUYER'S AND SELLER'S INITIALS REQUIRED** _SS_ / _____ / _____ / _____
                                                                        SELLER        SELLER        BUYER          BUYER

49. ☐ **CONTINGENT UPON THE CLOSING OF BUYER'S PROPERTY:**
50. Buyer has already accepted an offer to purchase Buyer's real property ("Accepted Offer") located at:
51. _____ ("Buyer's Property").
52. The Accepted Offer documents described on lines 67-72 *are* attached hereto.

53. **BUYER'S CONTINGENCY:** If the pending sale of Buyer's Property does not close escrow by _____ , this Contract
54. shall be deemed cancelled and the Earnest Money shall be released to Buyer.                          MO/DA/YR

55. **CANCELLATION OF ACCEPTED OFFER FOR BUYER'S PROPERTY:** If Buyer's Accepted Offer cancels for any reason, Buyer shall
56. deliver notice to Seller within three (3) days of Buyer's receipt of cancellation and provide evidence of cancellation. Notice to Seller shall
57. state Buyer's election to either:

58. 1. Immediately cancel this Contract and all Earnest Money shall be released to Buyer; or
59. 2. Proceed with this Contract by removing this Buyer Contingency and provide: (i) written documentation from Buyer's Lender
60.    that Buyer can close escrow by the COE Date without the sale and closing of Buyer's Property; or (ii) if this is an all cash sale,
61.    evidence of Buyer's financial ability to close escrow by the COE Date without the sale and closing of Buyer's Property.

62. If Buyer elects to waive this Buyer Contingency and proceed with this Contract, Seller and Buyer agree that all other contingencies shall
63. remain.

64. **TIME PERIODS:** The date of Contract acceptance for purposes of all applicable Contract time periods shall be the date that the signed
65. Contract (and any incorporated counter offer) is delivered to and received by the appropriate Broker as indicated in Section 8i of this Contract.

66. If lines 49-65 apply: **BUYER'S AND SELLER'S INITIALS REQUIRED** _____ / _____ / _____ / _____
                                                                        SELLER        SELLER        BUYER          BUYER

67. **THE FOLLOWING TERMS APPLY TO EITHER CONTINGENCY AGREED TO ABOVE:**

68. **ACCEPTED OFFER DOCUMENTS:** Within the time specified in the applicable section above, Buyer shall deliver the Accepted Offer
69. documents to Seller, including a copy of all purchase contract documents evidencing the sale, and:

70. a. _____  b. _____
71. c. _____  d. _____
72. e. _____  f. _____

73. **FAILURE TO DELIVER NOTICE:** If Buyer fails to timely deliver any Notice required by this Addendum, Seller may issue a cure notice
74. to Buyer as required by Section 7a of this Contract and, in the event of Buyer's breach, Seller shall be entitled to the Earnest
75. Money pursuant to Section 7b of this Contract.

76. **STATUS UPDATE:** Upon request, Buyer shall provide Seller with a written update regarding the status of the sale of Buyer's Property.

77. The undersigned agrees to the modified or additional terms and conditions contained herein and acknowledges a copy hereof.

78. ^ *Richard A Whitaker* 8.17.21          ^ *B. Whitaker* 8.17.21
    **^ BUYER'S SIGNATURE**          MO/DA/YR    **^ BUYER'S SIGNATURE**          MO/DA/YR
    Richard A Whitaker                           Barbara G Whitaker
    *Susan Simpson*

79. *Susan Simpson*          08/19/2021           ^ _____
    **^ SELLER'S SIGNATURE**          MO/DA/YR    **^ SELLER'S SIGNATURE**          MO/DA/YR
    Susan K Simpson

```
For Broker Use Only:
    Brokerage File/Log No. _____  Manager's Initials _____  Broker's Initials _____  Date _____
                                                                                                    MO/DA/YR
```

Buyer Contingency Addendum - Updated: October 2018 • Copyright © 2018 Arizona Association of REALTORS®. All rights reserved.

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com          Whitaker

Case 2:20-bk-02088-EPB    Doc 202    Filed 08/25/21    Entered 08/25/21 10:54:23    Desc

Electronically Signed using eSignOnline™ | Session ID : 623f0a14-f72b-4074-a446-bed10ba1b5f0

DocuSign Envelope ID: 70211297-341A-4414-BFED-08DCEF947132

# H.O.A. CONDOMINIUM /
# PLANNED COMMUNITY ADDENDUM

Document updated:
June 2020

 

**ARIZONA**
association of
**REALTORS®**
REAL SOLUTIONS. REALTOR® SUCCESS.

*The pre-printed portion of this form has been drafted by the Arizona Association of REALTORS®. Any change in the pre-printed language of this form must be made in a prominent manner. No representations are made as to the legal validity, adequacy and/or effects of any provision, including tax consequences thereof. If you desire legal, tax or other professional advice, please consult your attorney, tax advisor or professional consultant.*

## SELLER'S NOTICE OF H.O.A. INFORMATION

1. Seller: Susan K Simpson

2. Premises Address: 5320 E Thunder Hawk Rd, Cave Creek, AZ  85331-5594

3. Date: August 12, 2021

4. INSTRUCTIONS: (1) Homeowner's association ("H.O.A.") information on page 1 to be completed by Seller at the time of listing the
5. Premises for sale. (2) Upon completion, this Addendum shall be uploaded to the multiple listing service, if available, or delivered to
6. prospective buyers upon request prior to prospective buyer's submission of a Residential Resale Real Estate Purchase Contract to Seller.

7. ### ASSOCIATION(S) GOVERNING THE PREMISES

8. | H.O.A.: Colina Del Norte | Contact Info: 602-358-0220 |
9. | Management Company (if any): Thrive Community Mgt | Contact Info: 602-358-0220 |
10. Amount of Dues: $ 582.00    How often? semi-annual
11. Amount of special assessments (if any): $ _____ How often? _____ Start Date: _____ End Date: _____
   MO/DA/YR    MO/DA/YR

12. Master Association (if any): _____ Contact Info: _____
13. Management Company (if any): _____ Contact Info: _____
14. Amount of Dues: $ _____ How often? _____
15. Amount of special assessments (if any): $ _____ How often? _____ Start Date: _____ End Date: _____
   MO/DA/YR    MO/DA/YR

16. Other: _____ Contact Info: _____
17. Amount of Dues: $ _____ How often? _____

18. ### FEES PAYABLE UPON CLOSE OF ESCROW

19. Transfer Fees: Association(s) fees related to the transfer of title: H.O.A.: $ 100.00    Master Association: $ _____ .

20. Capital Improvement Fees, including but not limited to those fees labeled as community reserve, asset preservation, capital reserve,
21. working capital, community enhancement, future improvement fees, or payments: H.O.A.: $ 275.00   Master Association: $ _____ .

22. Prepaid Association(s) Fees: Dues, assessments, and any other association(s) fees paid in advance of their due date:
23. H.O.A.: $ _____    Master Association: $ _____ .

24. Disclosure Fees: Association(s)/Management Company(ies) costs incurred in the preparation of a statement or other documents
25. furnished by the association(s) pursuant to the resale of the Premises for purposes of resale disclosure, lien estoppels and any other
26. services related to the transfer or use of the property. Pursuant to Arizona law, Disclosure Fees cannot be more than an aggregate
27. of $400.00 per association. As part of the Disclosure Fees, each association may charge a statement or other documents update fee of
28. no more than $50.00 if thirty (30) days or more have passed since the date of the original disclosure statement or the date the documents
29. were delivered. Additionally, each association may charge a rush fee of no more than $100.00 if rush services are required to be
30. performed within seventy-two (72) hours after the request. H.O.A.: $ _____    Master Association: $ _____ .

31. Other Fees: $ _____ Explain: _____

32. SELLER CERTIFICATION: By signing below, Seller certifies that the information contained above is true and complete to the best of
33. Seller's actual knowledge as of the date signed. Broker(s) did not verify any of the information contained herein.

34. *Susan K. Simpson*
35. ▲ SELLER'S SIGNATURE    MO/DA/YR    ▲ SELLER'S SIGNATURE    MO/DA/YR
   Susan K Simpson

>>

H.O.A. Condominium / Planned Community Addendum • June 2020 • Copyright © 2020 Arizona Association of REALTORS® All rights reserved

HOMESMART, 10601 N Hayden Rd Scottsdale AZ 85260
Phone: 602-653-9722    Fax: 602-749-6290    Connie White     5320 W Thunder

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com



Electronically Signed using eSignOnline™ [ Session ID : 823f0a14-f72b-4074-a446-bed90c...]

DocuSign Envelope ID: 70211297-341A-4414-BFED-08DCEF947132

## ADDITIONAL OBLIGATIONS

36. If the homeowner's association has less than 50 units, no later than ten (10) days after Contract acceptance, the Seller shall provide
37. in writing to Buyer the information described below as required by Arizona law.

38. If the homeowners association has 50 or more units, Seller shall furnish notice of pending sale that contains the name and address
39. of the Buyer to the homeowner's association within five (5) days after Contract acceptance and pursuant to Section 3d of the Contract.
40. Escrow Company is instructed to provide such notice on Seller's behalf. The association is obligated by Arizona law to provide information
41. described below to Buyer within ten (10) days after receipt of Seller's notice.

42. **BUYER IS ALLOWED FIVE (5) DAYS AFTER RECEIPT OF THE INFORMATION FROM THE SELLER(S) OR HOMEOWNER'S**
43. **ASSOCIATION TO PROVIDE WRITTEN NOTICE TO SELLER OF ANY ITEMS DISAPPROVED.**

44. ### INFORMATION REQUIRED BY LAW TO BE PROVIDED TO BUYER:

45. 1. A copy of the bylaws and the rules of the association.

46. 2. A copy of the declaration of Covenants, Conditions and Restrictions ("CC&Rs").

47. 3. A dated statement containing:

48. (a) The telephone number and address of a principal contact for the association, which may be an association manager, an
49. association management company, an officer of the association or any other person designated by the board of directors.

50. (b) The amount of the common expense assessment and the unpaid common expense assessment, special assessment or
51. other assessment, fee or charge currently due and payable from the Seller.

52. (c) A statement as to whether a portion of the unit is covered by insurance maintained by the association.

53. (d) The total amount of money held by the association as reserves.

54. (e) If the statement is being furnished by the association, a statement as to whether the records of the association reflect any
55. alterations or improvements to the unit that violate the declaration. The association is not obligated to provide information
56. regarding alterations or improvements that occurred more than six years before the proposed sale. Seller remains obligated
57. to disclose alterations or improvements to the Premises that violate the declaration. The association may take action
58. against the Buyer for violations apparent at the time of purchase that are not reflected in the association's records.

59. (f) If the statement is being furnished by the Seller, a statement as to whether the Seller has any knowledge of any alterations
60. or improvements to the unit that violate the declaration.

61. (g) A statement of case names and case numbers for pending litigation with respect to the Premises or the association,
62. including the amount of any money claimed.

63. 4. A copy of the current operating budget of the association.

64. 5. A copy of the most recent annual financial report of the association. If the report is more than ten pages, the association may
65. provide a summary of the report in lieu of the entire report.

66. 6. A copy of the most recent reserve study of the association, if any.

67. 7. Any other information required by law.

68. 8. A statement for Buyer acknowledgment and signature are required by Arizona law.

>>

H.O.A. Condominium / Planned Community Addendum • June 2020 • Copyright © 2020 Arizona Association of REALTORS® All rights reserved

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com

5320 W Thunder



Electronically Signed using eSignOnline™ | Session ID . 623/0a14-f72b-4074-a448-bed...

DocuSign Envelope ID: 70211297-341A-4414-BFED-08DCEF947132

## BUYER'S ACKNOWLEDGMENT AND TERMS

69  Buyer: _Barbara G Whitaker, Richard A Whitaker_

70  Seller: Susan K Simpson

71  Premises Address: 5320 E Thunder Hawk Rd, Cave Creek, AZ 85331-5594

72  NOTE: LINES 75-81 TO *ONLY* BE COMPLETED BY BUYER, AND *NOT* SELLER!

73
74  The following additional terms and conditions are hereby included as a part of the Contract between Seller and Buyer for the above referenced Premises.

75  Transfer Fees shall be paid by:                    ☐ Buyer ☒ Seller ☐ Other _____

76  Capital Improvement Fees shall be paid by:         ☐ Buyer ☒ Seller ☐ Other _____

77  Buyer shall pay all Prepaid Association Fees.

78  Seller shall pay all Disclosure Fees as required by Arizona law.

79  In a financed purchase, Buyer shall be responsible for all lender fees charged to obtain Association(s)/Management Company(ies) documents.

80  Other Fees: _____

81  _____

82  **BUYER VERIFICATION:** Buyer may contact the Association(s)/Management Company(ies) for verbal verification of association
83  FEES PAYABLE UPON CLOSE OF ESCROW.

84  **ASSESSMENTS:** Any current homeowner's association assessment which is a lien as of Close of Escrow shall be paid in full by Seller.
85  Any assessment that becomes a lien after Close of Escrow is Buyer's responsibility.

86  ## ADDITIONAL TERMS AND CONDITIONS

87  _____

88  _____

89  _____

90  _____

91  **BUYER ACKNOWLEDGEMENT:** By signing below, Buyer acknowledges receipt of all three (3) pages of this addendum and acknowledges
92  that, although Seller has used best efforts to identify the amount of the fees stated herein, the precise amount of the fees may not be known
93  until written disclosure documents are furnished by the Association(s)/Management Company(ies) per Arizona law (A.R.S. § 33-1260 and
94  §33-1806). Buyer further acknowledges that Broker(s) did not verify any of the information contained herein. Buyer therefore agrees to
95  hold Seller and Broker(s) harmless should the FEES PAYABLE UPON CLOSE OF ESCROW prove incorrect or incomplete.
96  The undersigned agrees to the additional terms and conditions set forth above and acknowledges receipt of a copy hereof.

      _Barbara Gail Whitaker_                               _Richard Whitaker_

97  ─DocuSigned by:                        8/17/2021         8/17/2021
98  ^5E337E37817D491                       MO/DA/YR          MO/DA/YR
    ^ BUYER'S SIGNATURE                                     ^ BUYER'S SIGNATURE

99  SELLER'S ACCEPTANCE:

100 _Susan Simpson_                        08/19/2021
101 ^ SELLER'S SIGNATURE                   MO/DA/YR          ^ SELLER'S SIGNATURE            MO/DA/YR
    Susan K Simpson

┌──────────────────────────────────────────────────────────────────────────────────────┐
│ For Broker Use Only:                                                                    │
│   Brokerage File/Log No. _____  Manager's Initials _____  Broker's Initials _____  Date _____ │
│                                                                                              MO/DA/YR  │
└──────────────────────────────────────────────────────────────────────────────────────┘

H.O.A. Condominium / Planned Community Addendum • June 2020 • Copyright © 2020 Arizona Association of REALTORS®. All rights reserved.

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.ziplogix.com          5320 W Thunder



Electronically Signed using eSignOnline™ | Session ID : 623f0a14-f72b-4074-a448-bed3f...

West USA Realty

# REAL ESTATE AGENCY DISCLOSURE AND ELECTION

Document updated: January 2009



*The pre-printed portion of this form has been drafted by the Arizona Association of REALTORS®. Any change in the pre-printed language of this form must be made in a prominent manner. No representations are made as to the legal validity, adequacy and/or effects of any provision, including tax consequences thereof. If you desire legal, tax or other professional advice, please consult your attorney, tax advisor or professional consultant.*



1. Firm Name ("Broker") _____ **West USA Realty**

2. acting through _____ **Lee Courtney** _____ hereby makes the following disclosure.
   LICENSEE'S NAME

## DISCLOSURE

3. Before a Seller or Landlord (hereinafter referred to as "Seller") or a Buyer or Tenant (hereinafter referred to as "Buyer") enters into
4. a discussion with a real estate broker or licensee affiliated with a broker, the Seller and the Buyer should understand what type of agency
5. relationship or representation they will have with the broker in the transaction.

6. I. **Buyer's Broker:** A broker other than the Seller's broker can agree with the Buyer to act as the broker for the Buyer. In these
7. situations, the Buyer's broker is not representing the Seller, even if the Buyer's broker is receiving compensation for services
8. rendered, either in full or in part, from the Seller or through the Seller's broker:
9. a) A Buyer's broker has the fiduciary duties of loyalty, obedience, disclosure, confidentiality, and accounting in dealings with the Buyer.
10. b) Other potential Buyers represented by broker may consider, make offers on, or acquire an interest in the same or similar
11. properties as Buyer is seeking.

12. II. **Seller's Broker:** A broker under a listing agreement with the Seller acts as the broker for the Seller only:
13. a) A Seller's broker has the fiduciary duties of loyalty, obedience, disclosure, confidentiality, and accounting in dealings with the Seller.
14. b) Other potential Sellers represented by broker may list properties that are similar to the property that Seller is selling.

15. III. **Broker Representing both Seller and Buyer (Limited Representation):** A broker, either acting directly or through one or more
16. licensees within the same brokerage firm, can legally represent both the Seller and the Buyer in a transaction, but only with the
17. knowledge and informed consent of both the Seller and the Buyer. In these situations, the Broker, acting through its licensee(s),
18. represents both the Buyer and the Seller, with limitations of the duties owed to the Buyer and the Seller:
19. a) The broker will not, without written authorization, disclose to the other party that the Seller will accept a price or terms other than
20. stated in the listing or that the Buyer will accept a price or terms other than offered.
21. b) There will be conflicts in the duties of loyalty, obedience, disclosure and confidentiality. Disclosure of confidential information may
22. be made only with written authorization.

23. Regardless of who the Broker represents in the transaction, the Broker shall exercise reasonable skill and care in the performance of the
24. Broker's duties and shall be truthful and honest to both the Buyer and Seller and shall disclose all known facts which materially and adversely
25. affect the consideration to be paid by any party. Pursuant to A.R.S. §32-2156, Sellers, Lessors and Brokers are not obligated to disclose that
26. a property is or has been: (1) the site of a natural death, suicide, homicide, or any crime classified as a felony; (2) owned or occupied by a
27. person exposed to HIV, or diagnosed as having AIDS or any other disease not known to be transmitted through common occupancy of real
28. estate; or (3) located in the vicinity of a sex offender. Sellers or Sellers' representatives may not treat the existence, terms, or conditions of
29. offers as confidential unless there is a confidentiality agreement between the parties.

30. **THE DUTIES OF THE BROKER IN A REAL ESTATE TRANSACTION DO NOT RELIEVE THE SELLER OR THE BUYER FROM THE**
31. **RESPONSIBILITY TO PROTECT THEIR OWN INTERESTS. THE SELLER AND THE BUYER SHOULD CAREFULLY READ ALL**
32. **AGREEMENTS TO ENSURE THAT THE DOCUMENTS ADEQUATELY EXPRESS THEIR UNDERSTANDING OF THE TRANSACTION.**

## ELECTION

33. Buyer or Tenant Election (Complete this section only if you are the Buyer.) The undersigned elects to have the Broker (check any that apply):
34. [X] represent the Buyer as Buyer's Broker.
35. [ ] represent the Seller as Seller's Broker.
36. [ ] show Buyer properties listed with Broker's firm and Buyer agrees that Broker shall act as agent for both Buyer and Seller provided that
37. the Seller consents to limited representation. In the event of a purchase, Buyer's and Seller's informed consent should be
38. acknowledged in a separate writing other than the purchase contract.

39. Seller or Landlord Election (Complete this section only if you are the Seller.) The undersigned elects to have the Broker (check any that apply):
40. [ ] represent the Buyer as Buyer's Broker.
41. [ ] represent the Seller as Seller's Broker.
42. [ ] show Seller's property to Buyers represented by Broker's firm and Seller agrees that Broker shall act as agent for both Seller and
43. Buyer provided that Buyer consents to the limited representation. In the event of a purchase, Buyer's and Seller's informed consent
44. should be acknowledged in a separate writing other than the purchase contract.

45. The undersigned [X] Buyer(s) or [ ] Seller(s) acknowledge that this document is a disclosure of duties. This document is not an employment agreement.
46. I/WE ACKNOWLEDGE RECEIPT OF A COPY OF THIS DISCLOSURE.

47. **Richard A Whitaker** _____ **Barbara G Whitaker**
    PRINT NAME                                  PRINT NAME

48. *Richard Whitaker*          8/17/2021        *Barbara Gail Whitaker*          8/17/2021
    SIGNED                     MO/DA/YR          SIGNED                          MO/DA/YR

Real Estate Agency Disclosure and Election - Updated: January 2009 • Copyright © 2009 Arizona Association of REALTORS®. All rights reserved.

West USA Realty, 7047 E Greenway Pkwy #180 Scottsdale AZ 85254          Phone: 480-296-5922          Fax:
Lee Courtney                                                                                              Whitaker
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.ziplogix.com

Electronically Signed using eSignOnline™ | Session ID : 623f0a14-f72b-4074-a446-bed46e...

**EXHIBIT "2"**

**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

In re:

SUSAN SIMPSON,

          Debtor

CHAPTER 13

Case No. 2:20-bk-02088-EPB

**ORDER TO SELL REAL PROPERTY AND EMPLOY REAL ESTATE AGENT [DE #  ]**

      Debtor, having filed a Stipulated Motion to Approve Sale of Real Property and Employ Real Estate Agent on August 24, 2021 [DE #__], and good cause shown,

IT IS ORDERED THAT:

      A.     The sale of Debtor's property located at 5320 E. Thunder Hawk Road, Cave Creek, AZ 85331 (the "**Property**") is approved and permitted;

      B.     Debtor may retain a real estate agent, provided that the total amount of commissions paid to the agents who procure the sale of the Property shall not exceed 6% of the sale price for the Property;

      C.     Debtor and all applicable parties shall execute all documents reasonably required to consummate the sale of the Property, including without limitation executed and acknowledged lien releases upon payment to lien holders as specified in this Order;

      D.     Sale proceeds may be distributed from escrow as follows:

           (1)     Standard closing costs;

           (2)     Real estate agent's commission in the amount not to exceed 6% to the agents who have procured the sale;

1       (3)    The full and valid payoff amount to first mortgage holder/deed of trust
2            beneficiary JPMorgan Chase Bank, N.A.;

3       (4)    The full and valid payoff amount to second mortgage holder/deed of trust
4            beneficiary Colina Del Norte Homeowners Association;

5       (5)    An amount of $126,500 to third-position lien holder New Horizons 401(k)
6            Profit Sharing Plan FBO Brad Gilbertson ("**New Horizons**"), plus any
7            unpaid accrued interest that has not already been paid to New Horizons,
8            which shall constitute payment in full to satisfy New Horizons' lien in its
9            entirety;

10     (6)    An amount of $15,000 to the Chapter 13 trustee, or a lesser amount
11          approved in writing by the Chapter 13 trustee, to satisfy all remaining
12          timely filed unsecured claims and administrative claims; and

13     (7)    After the escrow agent pays the full and valid amounts listed in Sections
14          (D)(1) – (D)(6) above, the escrow agent shall pay any remaining excess
15          proceeds from the sale to Debtor.

16    E.    Immediately before the closing of the sale of the Property, Debtor shall provide a
17 copy of the final settlement statement to counsel for the Chapter 13 Trustee and counsel for
18 secured creditors JPMorgan Chase Bank, N.A., Colina Del Norte Homeowners Association, and
19 New Horizons.

20                 **DATED AND SIGNED ABOVE**

21

22

23

24

25

26

27