Scott W. Hyder (AZ Bar No. 017282)
**LAW OFFICE OF SCOTT W. HYDER PLC**
3420 East Shea Blvd., Ste. 200
Phoenix, Arizona  85028
Phone:  (602) 923-7370
Fax:  (602) 795-6010
E-mail:  shyder@scotthyderlaw.com
Attorney for Debtor Susan Simpson

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>SUSAN SIMPSON,<br><br>        Debtor | CHAPTER 13<br><br>Case No. 2:20-bk-02088-EPB<br><br>**MOTION FOR EXPEDITED HEARING ON AMOUNTS DUE UNDER ORDER TO SELL REAL PROPERTY [DE #204]** |

      This Court entered into a Stipulated Order to Sell Real Property and Employ Real Estate Agent [DE #204] (the "**Stipulated Order**"). As part of that Stipulated Order, the Court ordered that $126,500 would be the payoff to third-position lien holder New Horizons 401(k).

      Debtor entered into a purchase contract to sell her house in August 2021, and the closing is scheduled for October 7, 2021. Despite the Stipulated Order, the title company asked New Horizons to submit a payoff. New Horizons repeatedly failed to do so.

      Finally, after several emails from undersigned counsel and the title company, counsel for New Horizons sent the email attached hereto as <u>Exhibit "1"</u> claiming that the payoff is now **$131,837.45**, not $126,500 as stated in the Stipulated Order. The purported reason for the increased payoff is: (a) the Debtor missed her plan conduit payment such that New Horizons would receive $714.83/month for August and September; and (b) the trustee did not pay New

1   Horizons $714.83/month for August and September 2021, even though the trustee had the funds
2   to do so.

3       The trustee sent an email attached hereto as <u>Exhibit "2"</u> stating there was plenty of money
4   to pay the conduit payments in August and September, but did not do so because of the
5   anticipated sale set forth in Debtor's amended plan [DE #195]. There is more than enough money
6   being held by the Trustee to make August's and September's conduit payments to New
7   Horizons. As such, Debtor has no problem having the trustee pay the $714.83/month to New
8   Horizons for August's and September's payment as required under the Note, or to add those
9   missed payments to the payoff amount in the Stipulated Order. Yet, counsel for New Horizons
10  now claims that the payoff should include accrued interest on the $126,500 payoff amount from
11  August 1 through October 7, instead of accrued interest under the terms of the note, which is
12  approximately 19% interest ***on the $45,000 principal balance***. A copy of the note is attached
13  hereto as <u>Exhibit "3"</u>.

14      Finally, counsel for New Horizons is now threatening to lift the automatic stay for
15  Debtor's failure to make August's and September's payment, even though the amended plan
16  [DE #195] (which New Horizons' counsel did not object to and agreed to in several hearings
17  with the Court) allows the stay to remain in place so long as Debtor has a purchase contract in
18  escrow by September 30, 2021 (which she did). A copy of counsel's threat is attached hereto as
19  <u>Exhibit "4"</u>.

20      The Court needs to order what the correct payoff amount is **<u>before the closing on</u>**
21  **<u>October 7, 2021</u>** and to require New Horizons to comply with the Stiupulated Order in good
22  faith. As such, Debtor requests an expedited hearing for the Court to determine such. Debtor
23  also requests her attorney fees to enforce the Stipualted Order and other remedies that this Court
24  believes is proper.

25
26
27

**RESPECTFULLY SUBMITTED** this 29th day of September, 2021.

LAW OFFICE OF SCOTT W. HYDER, PLC

By: /s/ Scott W. Hyder, AZ Bar No. 017282
Scott W. Hyder

CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed with the Clerk of the Court this 29th day of September, 2021 via ECF and that a copy of the foregoing was served via receipt of the Notice of Electronic Filing pursuant to Local Rule 9076-1 and via electronic mail, addressed to the following party:

Don C. Fletcher, Esq.
Lake and Cobb, PLC
1095 West Rio Salado Parkway, Suite 206
Tempe, Arizona 85281
Attorney for Creditor New Horizons
401(k) Profit Sharing Plan
Sent via email only:
dfletcher@lakeandcobb.com

Ross Mumme
Counsel Chapter 13 Trustee Edward J. Maney
101 North First Avenue, Ste. 1775
Phoenix, Arizona 85003
Sent via email only:
rmumme@maney13trustee.com

Elizabeth C. Amorosi
Office of the United States Trustee
230 North First Avenue, Ste. 204
Phoenix, Arizona 85003-1706
Sent via email only:
Elizabeth.C.Amorosi@usdoj.gov

/s/ Scott W. Hyder

# EXHIBIT "1"

(Email from New Horizons' Counsel on Payoff Amount)

| | |
|---|---|
| **From:** | Don Fletcher |
| **To:** | "shyder@scotthyderlaw.com"; "Liermann, Linda" |
| **Cc:** | Nicole Turner |
| **Subject:** | RE: 2:20-bk-02088-EPB; Debtor Sue Simpson--Rule 408 Settlement |
| **Date:** | Tuesday, September 28, 2021 7:25:19 PM |
| **Attachments:** | image001.png |
| **Importance:** | High |

Scott:

Your client has a few problems here. When she failed to make the payment for September 2021, she breached the earlier Court order. Due to your client's breach, New Horizon is entitled to immediately move to stay relief and notice the trustee sale.

And, the $126,500 was the settlement as of August 1, 2021.

New Horizon will enforce the Court order if necessary lifting the automatic stay this week. Having said that, New Horizon frankly would rather get paid and move on. ***Consequently, the payoff amount to New Horizons is $131,837.45.***

The daily per diem is $66.73 times 65 days from August 1, 2021 to October 7, 2021. That adds interest of $4,337.45. That amount plus the settlement claim of $126,500 as of August 1, 2021, is $130,837.45. I am capping my fees at $1,000 so the payoff amount is the $131,837.45. Frankly my fees are more as you and I both know all the chasing around we have done in August and September to get to this point.

This is less than what my client is entitled to, but New Horizons will agree to it and move on.

Please confirm your acceptance.

Don

Don C. Fletcher, *Member*
Lake and Cobb, PLC
1095 West Rio Salado Parkway, Suite 206
Tempe, Arizona 85281
602-523-3000 (Main)
602-523-3007 (Direct)
602-523-3001 (Fax)

dfletcher@lakeandcobb.com

This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC 2510-2521), (b) may contain confidential and or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

**From:** shyder@scotthyderlaw.com <shyder@scotthyderlaw.com>
**Sent:** Tuesday, September 28, 2021 11:28 AM
**To:** 'Liermann, Linda' <linda.liermann@securitytitle.com>; Don Fletcher <dfletcher@lakeandcobb.com>
**Cc:** Nicole Turner <nturner@lakeandcobb.com>
**Subject:** RE: 2:20-bk-02088-EPB; Debtor Sue Simpson

Don, I don't want this sale delayed because your client isn't getting a payoff to them. As I said, if he wants his 2 interest payments, he can add it to the payoff or I can tell Ross to release them. We will pay the interest from 10/1 – 10/7 (the closing date), but we are not paying additional attorney fees.

---

Scott W. Hyder
Law Office of Scott W. Hyder, PLC
3420 East Shea Blvd., Ste. 200
Phoenix, Arizona 85028
Tel: (602) 923-7370 | Fax: (602) 795-6010
E-mail: shyder@scotthyderlaw.com | Web: http://scotthyderlaw.com

**BANKRUPTCY DISCLOSURE:** My law firm is in business to help people and companies (creditors and debtors alike) obtain protection offered by the bankruptcy laws and navigate the extremely complicated process of bankruptcy. We are a debt relief agency.

**ATTORNEY-CLIENT RELATIONSHIP:** Nothing in this or any other email is intended to create an attorney/client relationship with the Law Office of Scott W. Hyder PLC. or with Scott W. Hyder, absent an express agreement to do so. Unless you are one of the law firm's existing clients, nothing in this email is intended to be, and therefore cannot reasonably be relied upon as, legal advice. I specifically disclaim any duty (including to review or preserve) regarding information or documents sent to me by non-clients, or to advise or inform non-clients about legal matters (including deadlines and statutes of limitation).

**CONFIDENTIALITY NOTICE:** The information contained in this message may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read it. Please immediately reply to the sender that you have received the message in error. Then delete it. Thank you.

**From:** Liermann, Linda <linda.liermann@securitytitle.com>
**Sent:** Tuesday, September 28, 2021 8:46 AM
**To:** shyder@scotthyderlaw.com; 'Don Fletcher' <dfletcher@lakeandcobb.com>
**Cc:** 'Nicole Turner' <nturner@lakeandcobb.com>
**Subject:** RE: 2:20-bk-02088-EPB; Debtor Sue Simpson

This message was sent securely using Zix®

Can someone please send me the payoff for this. Please and Thank you

"The happiest people don't have the best of everything, they make the best of everything they have"

Linda L. Liermann

Escrow Officer
Security Title Agency 6909 E. Greenway Parkway #180 Scottsdale, Az. 85254
Direct 480/448-7083  Fax 480/393-7373 Linda.Liermann@SecurityTitle.com

**Branch License Number: EABR – 0102809**
**State License Number: EA-0000878**

**Follow this link for help with viewing encrypted message: Viewing OME encrypted Messages**



*Be aware! Online banking fraud is on the rise.*
*If you receive an email containing WIRE TRANSFER INSTRUCTIONS*
*call your escrow officer immediately to verify the information prior to sending funds.*

**From:** shyder@scotthyderlaw.com <shyder@scotthyderlaw.com>
**Sent:** Thursday, September 23, 2021 6:41 PM
**To:** 'Don Fletcher' <dfletcher@lakeandcobb.com>
**Cc:** Liermann, Linda <linda.liermann@securitytitle.com>; 'Nicole Turner'
<nturner@lakeandcobb.com>
**Subject:** RE: 2:20-bk-02088-EPB; Debtor Sue Simpson

IMPORTANT NOTICE - This message sourced from an external mail server outside of the Company.
Don, we had an agreement that the $126,500 included your attorney fees. Remember when you
said in an email that was one of the things you included. I think the interest would just be from
October 1, through October 7, plus the September and October payments.

I'ave attached the order. Look at page 2, paragraph 5.

---

Scott W. Hyder
Law Office of Scott W. Hyder, PLC
3420 East Shea Blvd., Ste. 200
Phoenix, Arizona 85028
Tel: (602) 923-7370  |  Fax: (602) 795-6010
E-mail: shyder@scotthyderlaw.com  |  Web: http://scotthyderlaw.com

**BANKRUPTCY DISCLOSURE:** My law firm is in business to help people and companies (creditors and debtors alike) obtain protection
offered by the bankruptcy laws and navigate the extremely complicated process of bankruptcy. We are a debt relief agency.

**ATTORNEY-CLIENT RELATIONSHIP:** Nothing in this or any other email is intended to create an attorney/client relationship with the Law
Office of Scott W. Hyder PLC, or with Scott W. Hyder, absent an express agreement to do so. Unless you are one of the law firm's
existing clients, nothing in this email is intended to be, and therefore cannot reasonably be relied upon as, legal advice. I specifically
disclaim any duty (including to review or preserve) regarding information or documents sent to me by non-clients, or to advise or inform
non-clients about legal matters (including deadlines and statutes of limitation).

**CONFIDENTIALITY NOTICE:** The information contained in this message may be protected by the attorney-client privilege. If you believe
that it has been sent to you in error, do not read it. Please immediately reply to the sender that you have received the message in error.
Then delete it. Thank you.

**From:** Don Fletcher <dfletcher@lakeandcobb.com>
**Sent:** Thursday, September 23, 2021 6:37 PM

**To:** 'shyder@scotthyderlaw.com' <shyder@scotthyderlaw.com>
**Cc:** linda.liermann@securitytitle.com; Nicole Turner <nturner@lakeandcobb.com>
**Subject:** RE: 2:20-bk-02088-EPB; Debtor Sue Simpson

Scott;

Just so I understand, your client is going to skip the September and October 2021 payments, correct? We are to include those in our payoff amounts?

Also, we have interest running and I have my attorney fees since the settlement in August which is not much.

We will work up a number in the next day or two. As I understand the closing is two weeks away so we should be fine.

Don C. Fletcher, *Member*
Lake and Cobb, PLC
1095 West Rio Salado Parkway, Suite 206
Tempe, Arizona 85281
602-523-3000 (Main)
602-523-3007 (Direct)
602-523-3001 (Fax)

dfletcher@lakeandcobb.com

This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC 2510-2521), (b) may contain confidential and or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

**From:** shyder@scotthyderlaw.com <shyder@scotthyderlaw.com>
**Sent:** Wednesday, September 22, 2021 9:31 AM
**To:** Don Fletcher <dfletcher@lakeandcobb.com>
**Cc:** linda.liermann@securitytitle.com
**Subject:** RE: 2:20-bk-02088-EPB; Debtor Sue Simpson

Don, the title company just called and said she has repeatedly contacted you and/or your client for a payoff statement, but isn't getting a response. I sent to you the email below. Can you please advise what is going on? We are fine with you adding the 2 payments from September and October if you want, or we can have Ross pay them as he describes below. Please advise.

I have also copied the title company on this email. Linda's phone number at the title company is 480-448-7083

Scott W. Hyder
Law Office of Scott W. Hyder, PLC
3420 East Shea Blvd., Ste. 200
Phoenix, Arizona 85028
Tel: (602) 923-7370 | Fax: (602) 795-6010
E-mail: shyder@scotthyderlaw.com | Web: http://scotthyderlaw.com

**BANKRUPTCY DISCLOSURE:** My law firm is in business to help people and companies (creditors and debtors alike) obtain protection offered by the bankruptcy laws and navigate the extremely complicated process of bankruptcy. We are a debt relief agency.

**ATTORNEY-CLIENT RELATIONSHIP:** Nothing in this or any other email is intended to create an attorney/client relationship with the Law Office of Scott W. Hyder PLC. or with Scott W. Hyder, absent an express agreement to do so. Unless you are one of the law firm's existing clients, nothing in this email is intended to be, and therefore cannot reasonably be relied upon as, legal advice. I specifically disclaim any duty (including to review or preserve) regarding information or documents sent to me by non-clients, or to advise or inform non-clients about legal matters (including deadlines and statutes of limitation).

**CONFIDENTIALITY NOTICE:** The information contained in this message may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read it. Please immediately reply to the sender that you have received the message in error. Then delete it. Thank you.

**From:** shyder@scotthyderlaw.com <shyder@scotthyderlaw.com>
**Sent:** Wednesday, September 15, 2021 10:13 AM
**To:** 'Don Fletcher' <dfletcher@lakeandcobb.com>
**Subject:** FW: 2:20-bk-02088-EPB; Debtor Sue Simpson

Hi Don,

See below. Ross has the money, but he didn't pay it because he thought it would just be part of the payoff from the sale.

I think it would be easier to just add the two payments to the $126,500 payoff. Would that be ok? If not, I will have Ed pay them.

Please advise.

Scott W. Hyder
Law Office of Scott W. Hyder, PLC
3420 East Shea Blvd., Ste. 200
Phoenix, Arizona 85028
Tel: (602) 923-7370 | Fax: (602) 795-6010
E-mail: shyder@scotthyderlaw.com | Web: http://scotthyderlaw.com

**BANKRUPTCY DISCLOSURE:** My law firm is in business to help people and companies (creditors and debtors alike) obtain protection offered by the bankruptcy laws and navigate the extremely complicated process of bankruptcy. We are a debt relief agency.

**ATTORNEY-CLIENT RELATIONSHIP:** Nothing in this or any other email is intended to create an attorney/client relationship with the Law Office of Scott W. Hyder PLC. or with Scott W. Hyder, absent an express agreement to do so. Unless you are one of the law firm's existing clients, nothing in this email is intended to be, and therefore cannot reasonably be relied upon as, legal advice. I specifically disclaim any duty (including to review or preserve) regarding information or documents sent to me by non-clients, or to advise or inform non-clients about legal matters (including deadlines and statutes of limitation).

**CONFIDENTIALITY NOTICE:** The information contained in this message may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read it. Please immediately reply to the sender that you have received the message in error. Then delete it. Thank you.

**From:** Ross Mumme <rmumme@maney13trustee.com>
**Sent:** Wednesday, September 15, 2021 9:04 AM
**To:** shyder@scotthyderlaw.com
**Subject:** RE: 2:20-bk-02088-EPB; Debtor Sue Simpson

Hi Scott,

We have enough on hand to do that but we placed the New Horizons claim on objection since the amended plan indicated the house was selling and that New Horizons would be paid from sale proceeds. As such, we did not pay New Horizons on September 1 and weren't planning to on October 1 either. If you want Ed to pay on October 1, please let me know and I will talk with him to see what, if anything, needs to happen in order to do so.

Ross M. Mumme, Esq.
Staff Attorney
Edward J. Maney, Chapter 13 Trustee
101 N. 1st Ave., Suite 1775
Phoenix, AZ 85003
(602) 277-3776

CONFIDENTIALITY NOTE: The information contained in this e-mail message, and any attachments hereto, is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately reply to notify us of the error, and immediately delete the original and all copies of the message, including any copies contained in any deleted items folder. Thank you.

**From:** shyder@scotthyderlaw.com [mailto:shyder@scotthyderlaw.com]
**Sent:** Tuesday, September 14, 2021 12:05 PM
**To:** Ross Mumme <rmumme@maney13trustee.com>
**Subject:** 2:20-bk-02088-EPB; Debtor Sue Simpson

Ross,

Is there enough money you are holding from Sue's previous payments that didn't have to go to the Chase mortgage due to the forbearance through October 2021 that can pay the $700+ payment each month due to New Horizons for September and October without Sue making a payment for September or October? I think you told me there is over $10,000 in the pot right now, which is more than enough. I don't want Sue to be making overpayments before the sale if not necessary, since all that needs to be paid are two more payments to New Horizons, a small amount to unsecured creditors (less than $1000) and my attorney fees.

Can you advise?

---

Scott W. Hyder
Law Office of Scott W. Hyder, PLC
3420 East Shea Blvd., Ste. 200
Phoenix, Arizona 85028
Tel: (602) 923-7370 | Fax: (602) 795-6010
E-mail: shyder@scotthyderlaw.com | Web: http://scotthyderlaw.com

**BANKRUPTCY DISCLOSURE**: My law firm is in business to help people and companies (creditors and debtors alike) obtain protection offered by the bankruptcy laws and navigate the extremely complicated process of bankruptcy. We are a debt relief agency.

**ATTORNEY-CLIENT RELATIONSHIP**: Nothing in this or any other email is intended to create an attorney/client relationship with the Law Office of Scott W. Hyder PLC. or with Scott W. Hyder, absent an express agreement to do so. Unless you are one of the law firm's existing clients, nothing in this email is intended to be, and therefore cannot reasonably be relied upon as, legal advice. I specifically disclaim any duty (including to review or preserve) regarding information or documents sent to me by non-clients, or to advise or inform non-clients about legal matters (including deadlines and statutes of limitation).

**CONFIDENTIALITY NOTICE**: The information contained in this message may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read it. Please immediately reply to the sender that you have received the message in error. Then delete it. Thank you.

---

NOTICE: The information contained in this message is proprietary and/or confidential and may be privileged. If you are not the intended recipient of this communication, you are hereby notified to: (i) delete the message and all copies; (ii) do not disclose, distribute or use the message in any manner; and (iii) notify the sender immediately.

--------------------------------------------------------------------

This message was secured by Zix®.

# EXHIBIT "2"

(Email from Trustee's Counsel)

**From:** Ross Mumme <rmumme@maney13trustee.com>
**Sent:** Wednesday, September 15, 2021 9:04 AM
**To:** shyder@scotthyderlaw.com
**Subject:** RE: 2:20-bk-02088-EPB; Debtor Sue Simpson

Hi Scott,

We have enough on hand to do that but we placed the New Horizons claim on objection since the amended plan indicated the house was selling and that New Horizons would be paid from sale proceeds. As such, we did not pay New Horizons on September 1 and weren't planning to on October 1 either. If you want Ed to pay on October 1, please let me know and I will talk with him to see what, if anything, needs to happen in order to do so.

Ross M. Mumme, Esq.
Staff Attorney
Edward J. Maney, Chapter 13 Trustee
101 N. 1st Ave., Suite 1775
Phoenix, AZ 85003
(602) 277-3776


CONFIDENTIALITY NOTE: The information contained in this e-mail message, and any attachments hereto, is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately reply to notify us of the error, and immediately delete the original and all copies of the message, including any copies contained in any deleted items folder. Thank you.

**From:** shyder@scotthyderlaw.com [mailto:shyder@scotthyderlaw.com]
**Sent:** Tuesday, September 14, 2021 12:05 PM
**To:** Ross Mumme <rmumme@maney13trustee.com>
**Subject:** 2:20-bk-02088-EPB; Debtor Sue Simpson

Ross,

Is there enough money you are holding from Sue's previous payments that didn't have to go to the Chase mortgage due to the forbearance through October 2021 that can pay the $700+ payment each month due to New Horizons for September and October without Sue making a payment for September or October? I think you told me there is over $10,000 in the pot right now, which is more than enough. I don't want Sue to be making overpayments before the sale if not necessary, since all that needs to be paid are two more payments to New Horizons, a small amount to unsecured creditors (less than $1000) and my attorney fees.

Can you advise?

_____
Scott W. Hyder
Law Office of Scott W. Hyder, PLC
3420 East Shea Blvd., Ste. 200
Phoenix, Arizona  85028
Tel:  (602) 923-7370   |   Fax:  (602) 795-6010
E-mail:  shyder@scotthyderlaw.com  |  Web:  http://scotthyderlaw.com

**BANKRUPTCY DISCLOSURE:**  My law firm is in business to help people and companies (creditors and debtors alike) obtain protection offered by the bankruptcy laws and navigate the extremely complicated process of bankruptcy.  We are a debt relief agency.

**ATTORNEY-CLIENT RELATIONSHIP**: Nothing in this or any other email is intended to create an attorney/client relationship with the Law Office of Scott W. Hyder PLC. or with Scott W. Hyder, absent an express agreement to do so. Unless you are one of the law firm's existing clients, nothing in this email is intended to be, and therefore cannot reasonably be relied upon as, legal advice. I specifically disclaim any duty (including to review or preserve) regarding information or documents sent to me by non-clients, or to advise or inform non-clients about legal matters (including deadlines and statutes of limitation).

**CONFIDENTIALITY NOTICE**: The information contained in this message may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read it. Please immediately reply to the sender that you have received the message in error. Then delete it.  Thank you.

_____

NOTICE: The information contained in this message is proprietary and/or confidential and may be privileged. If you are not the intended recipient of this communication, you are hereby notified to: (i) delete the message and all copies; (ii) do not disclose, distribute or use the message in any manner; and (iii) notify the sender immediately.


-------------------------------------------------------------------------
This message was secured by **Zix**®.

# EXHIBIT "3"

(Promissory Note)

LOAN #: 1802EM00971

**NOTE**

February 15, 2018
[Date]

Phoenix,
[City]

Arizona
[State]

5320 E Thunder Hawk Rd., Cave Creek, AZ 85331
[Property Address]

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $45,000.00          (this amount is called "Principal"),
plus interest, to the order of the Lender. The Lender is  " See Attached Exhibit A ", an Individual and/or Trust.

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who
is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a
yearly rate of   18.990 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section
6(B) of this Note.

**3. PAYMENTS**

**(A) Time and Place of Payments**
I will pay principal and interest by making a payment every month.

I will make my monthly payment on the  1st         day of each month beginning on   April 1, 2018.
I will make these payments every month until I have paid all of the principal and interest and any other charges described
below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be
applied to interest before Principal. If, on   March 1, 2048,        I still owe amounts under this Note, I will
pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at  7310 N 16th St., Suite #316
Phoenix, AZ 85020

or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**
My monthly payment will be in the amount of U.S.  $714.83.

**4. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known
as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate
a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will
use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply
my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to
reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in
the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

**5. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest
or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any
such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any

Initials: _SJCS_

MULTISTATE FIXED RATE NOTE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3200 1/01
Ellie Mae, Inc.                                                 Page 1 of 3
F3200NOT  0107
F3200NOT (CLS)
02/15/2018 03:45 PM PST

sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

(A) Late Charge for Overdue Payments - SEE ATTACHED LATE FEE ADDENDUM
If the Note Holder has not received the full amount of any monthly payment by the end of   5       calendar
days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be  2.000 %
of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default
If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default
If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D) No Waiver By Note Holder
Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses
If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which

Initials: _SHS_

MULTISTATE FIXED RATE NOTE–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT   Form 3200 1/01
Ellie Mae, Inc.                                    Page 2 of 3                          F3200NOT  0107
                                                                                        F3200NOT (CLS)
                                                                             02/16/2018 02:45 PM PST

LOAN #: 1802EM00971

Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

*Susan K Simpson* _____ (Seal)
SUSAN K SIMPSON

Lender: " See Attached Exhibit A "
NMLS ID:
Broker: eMortgage Inc
NMLS ID: 195766
Loan Originator: Brad Gilbertson
NMLS ID: 207134

[Sign Original Only]
Initials: **SKS**

MULTISTATE FIXED RATE NOTE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT   Form 3200 1/01
Ellie Mae, Inc.                                        Page 3 of 3                              F3200NOT 0107
                                                                                                F3200NOT (CLS)
                                                                                                02/15/2018 03:45 PM PST

## Exhibit "A"

New Horizons 401(k) Profit Sharing Plan FBO Brad A. Gilbertson, Brad A. Gilbertson, trustee as to an undivided 100% interest, ISAOA.

c/o Brad Gilbertson

7522 E McDonald Dr

Scottsdale, AZ 85250

Phone: 602-999-9499

Fax: 888-392-3843

**MINIMUM LATE CHARGE ADDENDUM**

Loan#:1802EM00971

Date: 02/15/2018

Borrower(s):
Susan K Simpson

Property Address:
5320 E Thunder Hawk Rd.
Cave Creek, AZ 85331

THIS MINIMUM LATE CHARGE ADDENDUM is incorporated into and shall be deemed to amend and supplement the Note made by the undersigned ("Borrower") in favor of("Lender") and dated the same date as this Addendum (the "Note"). The Note is secured by a security instrument, as modified or amended, in favor of Lender dated the day of (the "Security Instrument").

ADDITIONAL COVENANTS: In addition to the covenants and agreements made in the Note, I/We further covenant and agree as follows:

<u>Minimum Late Charge for Overdue Payments</u>

**If the Lender/Servicing Agent has not received the full amount of any of my monthly payments by the end of 5 calendar days after the date it is due, I will promptly pay a late charge to the Lender. The amount of this late charge will be 2% per day of each overdue monthly payment, retroactive to payment due date, and .00125% per day of balloon payment due date retroactive to payment due date.**

**In the event this loan is deemed to be in default, being 20 calendar days pastdue on any payments due under this note, interest shall accrue at a default interest rate of 36% per annum retroactive to the "interest paid to" date.**

All other terms and conditions of the Security Instrument remain in full force and effect.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in the Minimum Late Charge Addendum.

_Susan K Simpson_     Date: 2/16/18
Susan K. Simpson

_____     Date: _____

# EXHIBIT "4"

(Email Threatening to Lift Stay)

| | |
|---|---|
| **From:** | Don Fletcher |
| **To:** | Scott Hyder |
| **Subject:** | Notice of Default under Courts February 8, 2021 Order |
| **Date:** | Wednesday, September 29, 2021 11:53:45 AM |
| **Attachments:** | 21 02 08 Order on Proof of Claim Amount and Stay Relief Requirements.pdf |
| **Importance:** | High |

Scott:

Please consider this email as formal notice of your client's default under the Court's Order of February 8, 2021, due to Susan Simpson's failure to pay her obligations to New Horizon for September 2021. I am not aware of any orders of the Court that state they supersede or have replaced your client's obligations in that February 8th Order.

By your own admission, Susan Simpson failed to pay the September 2021 obligations to New Horizon, and thereby you cannot escape that fact that she violated the terms in that February 8th Order.

Should we not reach an agreement by close of business today on the payoff amounts, we intend to file formal notice to the Court of Ms. Simpson's default under the terms of the February 8th order and ask for immediate stay relief. We will also seek all attorney fees due.

I hope we can work this out, but again, it was Ms. Simpson who violated the terms of the February 8th order.

Let me know by 4:30 today if we have an agreement on the payoff amount.

Don

Don C. Fletcher, *Member*
Lake and Cobb, PLC
1095 West Rio Salado Parkway, Suite 206
Tempe, Arizona 85281
602-523-3000 (Main)
602-523-3007 (Direct)
602-523-3001 (Fax)

dfletcher@lakeandcobb.com

This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.